Argued July 16, affirmed August 11, petition for rehearing
denied September 16, 1959

## JOHNSTON ET UX *v.* STATE TAX COMMISSION ET AL

342 P. 2d 799

*Warde H. Erwin,* Portland, argued the cause for appellants. On the briefs were Barzee, Leedy & Erwin and Herman L. Lind, Jr., Portland.

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Walter J. Apley, Assistant Attorney General, Salem, and Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and LUSK, WARNER and MILLARD, Justices.

WARNER, J.

As revealed by the complaint in this matter, the plaintiffs filed with the defendant Oregon State Tax Commission their income tax return for the year 1953. On February 26, 1957, the commission, acting pursuant to ORS 316.605, duly mailed to them its notice of a claimed deficiency and proposed assessment with reference thereto. This disclosed an additional tax claimed in the amount of $479.64, plus interest. This form, as required by ORS 316.605, supra, bore the certificate of the auditor, the defendant Bosco, in words as follows:

> "This is to certify that I have audited the return referred to above, and that the proposed adjustments are made in good faith and not for the purpose of extending the period of assessment."

The complaint alleges: "That such certificate is willfully, knowingly and intentionally false and fraudulent and was made for the sole, only and express purpose of extending the Statute of Limitations." Plaintiffs further allege that the notice above referred

to "fails to comply with [ORS 316.605] in that no explanation is made to apprise the taxpayers of the nature of any adjustment to income nor is any reference made to any statute regulation or commission ruling upon which the proposed adjustment is based."

After a following allegation that plaintiffs have no plain, speedy or adequate remedy at law, they pray for an order quashing the notice of deficiency and proposed assessment and holding the same void and of no effect.

To this complaint, the defendants demurred on the grounds that the court did not have jurisdiction of the subject matter of the suit and that the complaint failed to state a cause of suit. From the court's order sustaining the demurrer and dismissing the cause, the plaintiffs appeal.

Plaintiffs predicate their claim of right to relief on the sole ground that the action taken by the commission and its auditor pursuant to ORS 316.605 and as alleged in the complaint, does not provide them, as taxpayers, with an appeal to the State Tax Commission *prior* to an assessment being made. With this conclusion we cannot agree.

The code section thrice referred to in their complaint as the sections relied upon by the commission as the foundation for its authority to issue its notice of deficiency and proposed assessment, the certificate of the commission's auditor and the substance of the notice is ORS 316.605 (as amended by Oregon Laws 1955, ch 590, p 713). It is controlling here and we set it out in the footnote in its entirety.[①]

---

① ORS 316.605 (as amended by Oregon Laws 1955, ch 590, p 713):

"(1) As soon as practicable after the return is filed the commission shall audit it and compute the tax, and shall give notice to the taxpayer of the nature and amount of any deficiency and of its proposal to assess the same. There shall be set forth in or attached to the notice of deficiency

We hold that plaintiff had an adequate remedy at law including a right of appeal if disappointed in the results flowing from an invocation of that remedy.

Referring again to ORS 316.605(3), we find that the notice which plaintiffs received informs the taxpayer that: "Within 30 days from the date of mailing of such notice, the taxpayer shall pay the proposed deficiency * * * or within that time shall advise the commission in writing wherein its determination of deficiency is erroneous" and: "If requested by the taxpayer in his written objection to the proposed deficiency, the taxpayer shall have an opportunity to confer with the commission as to the proposed assessment at any time prior to the date such assessment is made."

Thus, the legislature in its wisdom has established a

and proposed assessment or any amendment thereof or supplement thereto a sufficient explanation of each proposed adjustment to the return adequate to apprise the taxpayer of the nature of each adjustment, and reference shall be made in the explanation of each proposed adjustment to the statute, regulation or commission ruling upon which the proposed adjustment is based. Each notice of deficiency and proposed assessment shall bear a certificate by the auditor who audited the return that he has audited the return and that the proposed adjustments to the return are made in good faith and not for the purpose of extending the period of assessment. Every deficiency shall bear interest at the rate of one-half of one percent per month computed from the due date of the return to date of payment.

"(2) Penalties shall be imposed as follows:

"(a) If the deficiency is due to negligence, five percent of the deficiency;

"(b) If the return was falsely prepared and filed with intent to evade the tax imposed by this chapter, 100 percent of the deficiency.

"(3) The notice of deficiency and proposed assessment shall be mailed to the last known address of the taxpayer. Within 30 days from the date of mailing of such notice, the taxpayer shall pay the proposed deficiency with interest computed to the date of payment and any penalty proposed, or within that time shall advise the commission in writing wherein its determination of deficiency is erroneous. If neither payment nor written objection is received by the commission within the 30-day period, the commission shall assess the deficiency, including interest and any penalty in accordance with the notice of proposed assessment, plus $1, and give notice of the amount so assessed. If requested by the taxpayer in his written objection to the proposed deficiency, the taxpayer shall have an opportunity to confer with the commission as to the proposed assessment at any time prior to the date such assessment is made. The provisions of this chapter with respect to revision and appeal shall apply to the tax, including penalty and interest, so assessed.

"(4) All payments received under the provisions of this chapter must be credited first to penalty, then to interest accrued, and then to tax due."

simple, efficient and speedy procedure, together with a forum for advising the commission wherein he deems its proposed deficiency assessment is erroneous, with the privilege of a hearing or conference with it, if he so desires. It is a procedure summary in character, unhampered by the delays and pleadings incident to an action or suit in court, and, may we add, without the expense which normally attends a plenary suit.

A timely filing of written objection delays the ultimate assessment, if any is thereafter made, until the commission has considered the objections and taxpayer's presentation at the conference, if a conference is requested and held.

The right "to advise" the commission by setting forth alleged errors and to bring to the commission's attention pertinent matter in support of such alleged errors, are privileges not encumbered by statutory technical limitations or conditions. The errors, therefore, which the taxpayers can assert in good faith comprehend any errors which may persuade the commission that the proposed deficiency assessment is defective in any respect. This includes, among others, not only computations, but also those things demonstrated to be the product of some illegal action on the part of any agent or employee of the commission, which may render it a nullity; in short, all the matters to which the taxpayers make reference to in their complaint in the case at bar.

For these reasons, we are of the opinion that if the plaintiffs in this case were aggrieved by the proposals found in the notice served upon them, and desired to contest the truth or accuracy of any matter disclosed by the notice or incident to its making, they had a plain, adequate and speedy remedy under the procedure outlined in ORS 316.605(3), supra. Indeed, it was their

only remedy if their cause was sufficiently meritorious to warrant relief from the errors of omission or commission which they charge in their complaint. Having raised the issue that the proposed assessment was groundless and tinctured with the alleged fraud of the commission's auditor, and if they had so persuaded the commission that their claims were just, the commission could and no doubt would have abandoned the proposed assessment.

But, say the plaintiffs, the statutes "do not provide taxpayers with an appeal to the State Tax Commission *prior* to an assessment being made" and cite ORS 316.660 (as amended by Oregon Laws 1953, ch 304, p 518)[2] and ORS 316.665 (as amended by Oregon Laws 1955, ch 588, p 711),[3] as demonstrating the force of this representation.[4]

The proposition so advanced by plaintiffs as the sole basis for their appeal is somewhat inaccurate and

---

[2] ORS 316.660 (as amended by Oregon Laws 1953, ch 304, p 518) as far as pertinent:

"(1) A taxpayer may appeal to the commission for the refund or revision, or both, of any tax within the time stated below:

\* \* \* \* \*

"(b) In the case of an appeal from *additional taxes assessed* or taxes assessed where no return was filed, within two years from the date of notice of assessment, or three years from the time the return was filed, whichever period expires the later. Assessments shall be final after the expiration of the period specified in this paragraph and payment of the tax shall not give the taxpayer any extension of the period within which an appeal may be taken.

"(2) The appeal shall be by way of written petition which shall state the grounds upon which the taxpayer contends that the assessment is erroneous. \* \* \*" (Emphasis ours.)

[3] ORS 316.665 (as amended by Oregon Laws 1955, ch 588, p 711) reads in part:

"(1) An appeal from the determination of the commission upon the application made by the taxpayer for refund or revision of any tax, as provided for in ORS 316.660, may be taken by the taxpayer by filing a complaint against the commission in the circuit court of the county in which the taxpayer resides or has his principal place of business or in which is located the office of the commission \* \* \*."

[4] ORS 316.605, 316.660 and 316.665 were repealed by Oregon Laws 1957, ch 632, p 1045, and by the same act, ORS 316.605 was re-enacted as ORS 314.405; ORS 316.660 was re-enacted as ORS 314.455; and ORS 316.665 was re-enacted as ORS 314.460.

misleading in statement. As of the date of the filing of plaintiff's complaint (March 11, 1957), there was no occasion for any appeal of any kind. Up to that time there had been no adjudication or determination by the commission or other competent authority on any matter respecting the taxpayers' return from whence there could have been an appeal. In the posture of this matter, as it then was, it is irrelevant to assert here that the income tax statutes do not provide taxpayers with an appeal to the State Tax Commission *prior* to an assessment being made.

Subsection (3) of ORS 316.605, supra, does, however, make provision for a revision and appeal *after* the determination of a deficiency assessment, if any, made by the commission pursuant to that section of the code. There, we find the following:

> "The provisions of this chapter with respect to revision and appeal shall apply to the tax, including penalty and interest, so assessed."

The provisions of that chapter relating to "revision and appeal" are found in ORS 316.660, supra, and 316.665, supra, and must be construed in pari materia with ORS 316.605. It is always possible that at the stage of the proceeding indicated by ORS 316.605, the commission may after receiving and considering the written objections of the taxpayer cancel or modify the proposed deficiency assessment. In the event that the resultant determination made under that section is unsatisfactory to the taxpayer, ORS 316.660, supra, supplies him with a right to appeal to the commission for a revision, i.e., if done within two years from the date of the notice of such additional assessment and implemented in the method provided by subsection (2) of ORS 316.660. Although the action therein provided is denominated an appeal or revision, it is more nearly

akin to an application for a rehearing or review, thus affording the taxpayer a second opportunity to present to the commission his objections to the deficiency assessment made by it.

If, however, the proceeding provided for in ORS 316.660, supra, results in a commission ruling adverse to the taxpayer's then made contentions, he has, and for the first time, recourse by appeal to the circuit court, as provided in ORS 316.665, supra. Thus, we find, and as we earlier said, the plaintiffs have an adequate, speedy and complete remedy at law, all under a correlated procedure which dictates that it must necessarily be followed before resort can be made to the circuit court for relief if they are dissatisfied with any proposed or determined additional assessment.

The complaint is wanting in appropriate allegations to the effect that this course had preceded the filing of that pleading in this matter.

Affirmed.