JANICE L. GIRT, WASHINGTON COUNTY, CITY OF FOREST GROVE, EDISON-DREW, LTD., LEONETTE FURNITURE MANUFACTURING CO., STIMSON LUMBER COMPANY, INC., TEKTRONIX, INC., *Plaintiffs,* AND HORNER'S MARKET, INC., WILLIAM S. BURGHARDT AND ELLEN BURGHARDT, dba "FAMILY QUALITY FOODS," *Intervening Plaintiffs, v.* TRI-COUNTY METROPOLITAN TRANSPORTATION DISTRICT OF OREGON, CITY OF PORTLAND, DEPARTMENT OF REVENUE, HORNER'S MARKET, INC., *Defendants.*

Jack B. Schwartz, Sabin, Newcomb, Sabin & Meyer, Portland; John Hay, Davies, Biggs, Strayer, Stoel & Boley, Portland; John D. Mosser, Wood, Wood, Tatum, Mosser & Brooke, Portland, represented plaintiffs.

Robert Y. Thornton, Salem, represented intervening plaintiffs.

Clifford B. Alterman, Kell & Alterman, Portland; Carl N. Byers, Heltzel & Byers, Salem; Marian C. Rushing, City Attorney, Portland; G. F. Bartz, Assistant Attorney General, Department of Revenue, Salem, represented defendants.

Decision for defendants rendered April 15, 1970.

EDWARD H. HOWELL, Judge.

The plaintiffs filed this suit under ORS ch 28, the Uniform Declaratory Judgments Act. The suit challenges the constitutionality of Or L 1969, ch 643 (now ORS ch 267), which provides for the creation of mass transit districts and grants such districts various powers, including the power to levy income, sales, use and employer payroll taxes.

The mass transit district was formed in Multnomah, Washington and Clackamas counties under the name of Tri-County Metropolitan Transit District. The district, hereinafter referred to as Tri-Met, adopted an ordinance which provided for the levy and collection of a payroll tax on employers. Acting under ORS 305.620, Tri-Met entered into an agreement with the State Department of Revenue for the administration and collection of the tax.

The plaintiffs, including the intervening plaintiffs, allege in their complaint that they are employers in the counties included in the district. Primarily the plaintiffs attack the formation of the district and the levying of the payroll tax on constitutional grounds. They allege that the tax imposed constitutes discriminatory class legislation in violation of Art 1, § 20, of the Oregon Constitution and the Fourteenth Amendment to the Constitution of the United States and constitutes a denial of equal protection of the laws; that the mass transit act is an unlawful delegation of legislative powers; that to the plaintiffs and other persons outside the City of Portland the act is a denial of equal protection of the laws, due process and a representative form of government. The complaint also alleges that Tri-Met has violated provisions of the Local Budget Law, ORS 294.305, *et seq.*

The intervening plaintiffs also filed a suit in the Circuit Court of Marion County attacking the validity of the organization of Tri-Met and the tax levied by the ordinance. That case was decided adversely to the plaintiffs in the circuit court and in the Court of Appeals. *Horner's Market v. Tri-County Trans.*, 1 Or App 288, 467 P2d 671 (1970).

Recognizing there is a question as to whether the Tax Court or the circuit court has jurisdiction to determine the issues, the plaintiffs herein have also filed a similar suit in the Circuit Court for Washington County.

■ The question of the jurisdiction of the Tax Court has not been raised in the pleadings; however, it is the duty of the court to take notice of any failure of jurisdiction. *State v. Jairl*, 229 Or 533, 368 P2d 323 (1962); *Powell v. State Board of Pilot Com'rs*, 224 Or 122, 335 P2d 224 (1960); *In re Scappoose Drainage District*, 115 Or 541, 237 P 684, 237 P 1117, 237 P 1118, 239 P 193 (1925). At the court's request the parties have submitted briefs on the issue of jurisdiction.

■ ORS 305.410 establishes the Oregon Tax Court as the "sole, exclusive and final judicial authority for the hearing and determination of all questions of law and fact *arising under the tax laws of this state*," subject only to judicial review by the Oregon Supreme Court. (Emphasis supplied.) The statute lists various special taxes, not material to this case, which are stated as not being imposed under the tax laws of this state.

In certain tax areas, including ad valorem, personal and corporate income, excise and timber taxation, the legislature has specifically provided for jurisdiction in the Tax Court. In addition, jurisdiction has been placed in the Tax Court in appeals from

declaratory rulings issued by the Department of Revenue under ORS 305.105. Also, in cases involving the Local Budget Law (ORS 294.305 to ORS 294.520), certain parties following the procedure outlined in ORS 294.485 may appeal to the Tax Court.

The enabling statutes establishing mass transit districts and authorizing the levying of the various taxes make no mention as to where appeals involving the validity or the amount of the taxes should be filed. The ordinance adopted by Tri-Met for an employer payroll tax provides for appeals to the Department of Revenue *"for the refund or revision"* of the tax imposed. (Emphasis supplied.) Section 4.03 of the ordinance provides for appeals from the determination of the Department of Revenue to the Circuit Courts of Washington, Multnomah, Clackamas and Marion Counties.

■ It is clear that the employers' payroll tax is a tax levied by Tri-Met, a municipal corporation, as compared to a tax imposed by the legislature such as a personal income tax or a corporation income or excise tax. The question then arises as to whether the issues involving the validity of the tax imposed by Tri-Met arise "under the tax laws of this state."

No decisions interpreting the phrase "arising under the tax laws of this state" have been cited.

The terms "state tax" or "state tax law" have been involved in several decisions of the Oregon Supreme Court. In *Northrup v. Hoyt*, 31 Or 524, 49 P 754 (1897), the court construed Hill's Ann Laws, § 2813, requiring county treasurers to pay to the state treasurer out of the first moneys collected the amount of

state taxes charged to the respective counties. The court stated:

> "* * * while, for convenience, the rate of taxation included in the general county levy for the special purpose of raising money with which to pay the county's obligation to the state is designated as a *state tax* in the law and upon the County record, it is, in fact, a county tax levied for county purposes." (Emphasis supplied.) 31 Or at 531.

In *Eugene School Dist. No. 4 v. Fisk,* 159 Or 245, 79 P2d 262 (1938), the court held that a statute which levied a two-mill tax upon all taxable property in the state for the support and maintenance of public elementary schools was a "state tax" and the state was a preferred creditor of each county to the extent of the levy. The act referred to the tax as a "state tax," but in practice the tax was levied by the county and when collected was credited by the county treasurer to the State Elementary School Fund for apportionment by the county school superintendent to the local school districts.

The Oregon Supreme Court in *State ex rel v. Malheur County Court,* 185 Or 392, 203 P2d 307 (1949), held that a tax levied by a county under a state statute requiring counties to pay their share of expenditures for public welfare assistance was a "county tax" as compared to a "state tax" and did not violate the constitutional requirements of uniformity as provided in Art I, § 32, of the Oregon Constitution.

The Court of Appeals of Ohio in *DuBois v. Baker,* 52 Ohio App 148, 3 NE2d 552 (1935), held the term "state tax" to mean taxes levied and collected by the state for state purposes as compared to taxes levied for county, township or local purposes.

In *People ex rel West. F.I. Co. v. Davenport et al,* 91 NY 574 (1883), the New York Court of Appeals found that a state statute entitled "An act to provide for raising taxes for the use of the State" and exempting certain corporations from personal property taxes, did not exempt the corporations from personal property taxes levied by a city.

■ In general, all power to tax, whether by a state, a county or other political subdivisions, including municipal or quasi-municipal corporations, must originate with the legislature or the people. In this sense all taxation could be considered as state taxation or arising under the tax laws of the state. However, a distinction must be made in those cases where the state statute levies the tax and where the statute authorizes political subdivisions of the state, such as a county or district, to levy the tax for local purposes. *Federal Drug Co. v. City of Pittsburgh,* 358 Pa 454, 57 A2d 849 (1948); *Youngblood v. Sexton,* 32 Mich 497, (1875).

■■ In the instant case the enabling statutes for the formation of mass transit districts do not of themselves levy a tax. The statutes grant authority to the district to levy and collect the various types of taxes, including an employer payroll tax. Acting pursuant to the powers granted by the statutes, Tri-Met by ordinance levied an employers' payroll tax. While the tax was *authorized* by the legislature, it was *levied* pursuant to the ordinance enacted by Tri-Met. The issues regarding the validity of the formation of the district and the tax which was levied by the ordinance do not present questions "arising under the tax laws of this state."

The remaining question is whether this court has jurisdiction over the alleged violations of the Local

Budget Law, ORS 294.305, *et seq*, as charged by plaintiffs in their complaint.[①]

ORS 294.485 provides for appeals to the Oregon Tax Court in suits challenging the validity of any tax levy made contrary to the provisions of the Local Budget Law. The right to appeal is granted to the county assessor, county court, board of county commissioners, the Department of Revenue, Tax Supervising and Conservation Commission, or ten interested persons. The appeal to the tax court must be taken "within 20 days after the notice of tax levy is filed with the county assessor * * *." ORS 294.485(2) (a).

■ This court does not have jurisdiction in this suit to hear plaintiffs' charges of violations of the Local Budget Law. The suit was not filed pursuant to ORS 294.485, providing for appeals challenging compliance with the Local Budget Law, but was filed pursuant to ORS ch 28, the Uniform Declaratory Judgments Act. Also the complaint does not allege that a notice of tax levy has been filed with the county assessor. The county assessor is not involved. The tax is to be administered, enforced and collected by the

---

[①] Plaintiffs alleged in their complaint:

"XVII.

"Defendant Tri-Met had not on December 18, 1969, and has not to date complied with applicable provisions of the Local Budget Law, O.R.S. 294.305 et seq., in that the budget to be financed by the tax purportedly levied by Ordinance No. 2 has not as yet been considered or adopted in accordance therewith, and no levy has been certified as therein provided.

"XVIII

"Ordinance No. 2 is invalid and unlawful in that it purports to levy a tax in a manner and commencing at a time inconsistent with applicable provisions of the Local Budget Law, O.R.S. 294.305."

Department of Revenue under agreement with Tri-Met pursuant to ORS 305.620.

Because ORS 305.410, which grants to the Tax Court exclusive jurisdiction of issues "arising under the tax laws of this state," does not include jurisdiction of issues regarding the validity of taxes levied by an ordinance of a municipal corporation, and because the enabling legislation creating mass transit districts and authorizing the levying of taxes did not place jurisdiction of appeals in the Tax Court, the complaints filed by plaintiffs must be dismissed.