# SCHNITZER STEEL PRODUCTS CO.
*v.*
# DEPARTMENT OF REVENUE

Brian A. Steenson, Brown, Hansen & Steenson, P.C., Portland, represented plaintiff.

Alfred B. Thomas, Assistant Attorney General, Salem, represented defendant.

Demurrer sustained and case dismissed February 14, 1977.

CARLISLE B. ROBERTS, Judge.

Plaintiff filed a complaint in this court on December 10, 1976, appealing from defendant's *proposed* corporation excise tax deficiencies for the fiscal years

ending June 30, 1966, 1967, 1968, 1969, and 1970, August 31, 1970, and 1971. The complaint, in each of seven causes of suit, alleges that: "[t]his suit is being filed in the Oregon Tax Court since defendant has denied plaintiff a hearing in violation of ORS 314.455." Defendant's demurrer to the complaint was filed on January 4, 1977, applying to each of the seven causes of suit on the ground that the court does not have jurisdiction of the subject matter of such suits and on the further ground that the facts alleged in each cause do not constitute a cause of suit. Defendant specifically contended that the taxpayer must exhaust its administrative remedies before the Tax Court has jurisdiction to hear the case, citing *Johnston et ux v. State Tax Com.,* 218 Or 110, 342 P2d 799 (1959). Oral argument was heard on January 14, 1977, and the plaintiff was allowed ten days in which to file a written brief (which was received and filed on January 25, 1977).

The facts alleged in plaintiff's complaint and attached exhibits must be construed most favorably to the plaintiff, having been admitted by the demurrer. The court finds that there was a protracted period of oral and written communication between the plaintiff and the defendant's Audit Division respecting the plaintiff's corporation excise tax returns for the fiscal years specified above. This exchange included the issuance of notices of deficiency and proposed assessment for each tax year by defendant (*see* ORS 314.405 and 314.410). On February 15, 1974, defendant's Audit Division prepared and mailed a Notice of Tax Deficiency Assessment (defendant's Form A-311) for each tax year, with interest computed to date, pursuant to ORS 314.405(3), (7) and (8), and 314.410(4).

Plaintiff has taken no steps to appeal the tax deficiencies for any of the pertinent years to the Director or Deputy Director of the Department of Revenue (required by ORS 305.115 and 314.445). Plaintiff argues that its letters of protest to the

[ 29 ]

*proposed* assessments, addressed to the defendant and intended for the Supervisor, Conference Section, Audit Division, Department of Revenue, dated April 6, 1973, and amended on August 8, 1973, should be accepted by the defendant as appeals from *final* assessments within the requirements of ORS 314.455(2).

The court takes note that the statutory requirements of time and form applicable to the plaintiff's proceedings in ORS chapter 314 have been sadly mishandled by both parties, prior to the issuance of the Notice of Tax Deficiency for each of the questioned years. However, each of the notices (Pl. Complaint, Ex. D) clearly states: "* * * the law now requires that the deficient tax and other charges be assessed as follows: [deficiency and interest and total assessment are specified in dollars]. The total assessment must be paid within the next 30 days, or good cause shown why it should not be paid. * * *"

■ After a notice of tax deficiency assessment has been mailed, ORS 314.455(1)(b) allows plaintiff adequate time for appeal; specifically, "* * * within two years from the date of notice of assessment, or three years from the time the return was filed, whichever period expires the later * * *" in which to file the petition described in ORS 314.455(2). This petition, to be prepared pursuant to OAR 150-314.455(2) and OAR 150-305.115(D), is substantially different from the informal contacts contemplated by ORS 314.405(2) and OAR 150-314.405(3) (the latter having been amended by OAR 150-314.405(2), promulgated December 19, 1975). The informal proceeding applies to the *proposed* assessment described in ORS 314.405; the more formal proceeding applies to the appeal to the Director from final assessment, pursuant to ORS 314.455.

■ Plaintiff's estoppel argument, based in part on the letter to the plaintiff signed by the defendant's Conference Auditor, dated February 15, 1974 (Pl. Complaint, Ex. E), was not supported by the exhibit.

[ 30 ]

Plaintiff's further estoppel argument, urging that the protest letters of April 6 and August 8, 1973, respecting proposed assessments, should be deemed by defendant as petitions under ORS 314.455(2), is rejected by the court. The court takes notice that, within a large organization, such as defendant's, knowledge or notice to one individual is not automatically to be attributed to the organization as a whole. *Transamerica Ins. Co. v. U. S. Nat'l Bank,* 276 Or 945, 959, 558 P2d 328 (1976). Plaintiff's letters of protest to the defendant's Audit Division Supervisor are not intended for or expected to be carried to and read by the defendant's Director.

■ ■ ■ ORS 314.460(1) establishes the requirements imposed upon the plaintiffs seeking the use of this court to obtain relief from an allegedly improper income or corporation excise tax assessment. Jurisdiction of the court must be demonstrated by attaching a copy of the defendant Department of Revenue's *order* to the original complaint. Orders are signed only by the defendant's Director or his Chief Deputy. ORS 305.115. No order affecting plaintiff's tax deficiencies as described in this complaint was ever issued by the defendant. The letter to plaintiff's counsel, written by defendant's Supervisor, Conference Section, Audit Division, Department of Revenue, dated November 10, 1976 (Pl. Complaint, Ex. F), is not a "final determination" within the purview of ORS 305.115(1). "Determination" is a word of art in the statute. Note its use in ORS 314.455 and 314.460 and OAR 150-305.115(A). *See also Johnston et ux v. State Tax Com., supra,* at 116.

The court, now deeming itself to be fully advised, concludes that it has no jurisdiction to act upon plaintiff's appeal from a corporation excise tax deficiency until plaintiff has exhausted its administrative remedies and, since the court lacks jurisdiction, the complaint must be dismissed; further, that the court, lacking jurisdiction, has no power to remand any

question herein to the defendant, as urged by plaintiff. Now, therefore,

IT IS ORDERED that defendant's demurrer to plaintiff's complaint should be and hereby is sustained and the complaint is dismissed for want of jurisdiction in this court.