# CHARLES C. ERWIN
*v.*
# STATE OF OREGON, COUNTY OF MULTNOMAH and TAX ASSESSOR, DEPARTMENT OF ASSESSMENT AND TAXATION FOR MULTNOMAH COUNTY

James T. Marquoit, Attorney at Law, Portland, represented plaintiff.

G. F. Bartz, Assistant Attorney General, Salem, represented defendant Department of Revenue.

John B. Leahy, County Counsel for Multnomah County, represented defendant Multnomah County.

Decision and order sustaining demurrers and dismissing plaintiff's amended complaint rendered December 13, 1978.

BERNARD SHEVACH, Judge Pro Tempore.

Plaintiff filed a complaint in the Oregon Tax Court against the Oregon Department of Revenue and against Multnomah County, Oregon, by and through its Department of Assessment and Taxation, defendants, denominated by plaintiff as a class action suit to recover improperly assessed and collected personal property taxes upon allegedly exempt personal property. The complaint contended that the defendants have assessed and continue to assess, levy and collect taxes upon boathouses and houseboats owned and held by persons for their own personal use, benefit and enjoyment. Plaintiff asserts that such assessment and levy is unlawful in that such property, prior to 1978, was exempt from taxation under the laws of the State of Oregon. Plaintiff additionally contends that its claim is representative, typical and identical of the claims of a class of persons similarly situated and, after reciting certain of the requisites for a class suit as set forth in ORS 13.220, prays for a hearing to determine whether the suit may be maintained as a class suit. Plaintiff further prays for a judgment in favor of the class which would require repayment to the class of the personal property taxes allegedly collected unlawfully on exempt property, together with interest, attorney's fees and costs.

The defendant Department of Revenue demurred to the complaint on the grounds that there is a defect of party defendant and that the complaint does not state facts sufficient to constitute a cause of suit. Defendant Multnomah County moved the court for an order disallowing the maintenance of the suit as a class suit.

At the conclusion of the hearing on the foregoing pleadings and motion, the court noted the mandate of ORS 305.275(4), stating that, with certain exceptions not relevant in this case, no person shall appeal to the tax court on any matter arising under the revenue and tax laws administered by the Department of Revenue unless he first exhausts the administrative remedies

provided him before the department and its director. The court defined the issues engendered by the statute as follows: (a) Is ORS 305.275(4) a prerequisite to the jurisdiction of the tax court? (b) If the statute is jurisdictional, must the plaintiff plead allegations in his complaint showing an exhaustion of administrative remedies? (c) Did the plaintiff, in fact, in his pleading adequately state that such remedies had been exhausted and, if not, what should the plaintiff plead?

█ Although the question of the jurisdiction of the tax court had not been raised in the pleadings, a court must take judicial notice of its own jurisdiction and must decline any case to which its jurisdiction does not extend. *State v. Jairl,* 229 Or 533, 538-539, 368 P2d 323, 325 (1962); *Girt et al v. Tri-Met et al,* 4 OTR 92, 95 (1970). At the court's request, the parties, after the filing by defendant Multnomah County of a demurrer including the ground that the court had no jurisdiction of the subject matter, submitted briefs on the issue of jurisdiction. Subsequently, the plaintiff filed an amended complaint containing a second count· in which plaintiff pleaded that he had learned of an order of the Department of Revenue in which the opinion of an attorney for the department, written in response to an inquiry from the Assessor and Tax Collector of Multnomah County, held that houseboats and boathouses were not exempt from ad valorem taxation under ORS 307.190 as amended by the 1969 legislature (Or Laws 1969, ch 648, § 1), and that plaintiff was appealing from such order. The amended complaint in its first count alleged that the County of Multnomah was assessing and continuing to assess, levy and collect taxes upon the exempt personal property, thus changing the allegation in plaintiff's original complaint which stated that *both* the State of Oregon and Multnomah County were assessing and continuing to assess, levy and collect taxes upon such property. The opinion was appended to the amended complaint as an exhibit. Both defendants demurred to the amended complaint, again asserting, among other grounds, that

this court lacked jurisdiction of the subject matter of the action.

For purposes of this opinion, the court will direct its consideration to the amended complaint (hereinafter called complaint).

The essential thrust of the plaintiff's grievance is that the Multnomah County assessor had committed an act enjoined by Oregon law: He has assessed exempt property. The plaintiff prays that this court nullify the assessment and thus relieve him from the sequential injustices of tax levies and collections enforced by seizure or threat of seizure of the property.

Whatever the merit of the plaintiff's cause, it has been addressed, in the view of the court, to the wrong forum. ORS 305.275(1)(c) states, in relevant part, that any person aggrieved by an act or omission of a county assessor, *including but not limited to the denial of a claim for exemption,* which affects his property and for which there is no other statutory right of appeal, may appeal to the Director of the Department of Revenue in the manner provided in that statute. The appeal is taken under ORS 305.275(5) by filing a petition with the director which states the facts relied upon for relief, a description of the property involved, any statement or proposition of law relied upon, and the relief requested. A copy of the petition is sent by certified mail to the assessor and other persons may file petitions with the permission of the director. Pursuant to ORS 305.115, the director or a duly appointed deputy must grant a hearing upon the appeal and make and file a written order granting or denying relief as the director deems appropriate. The department or hearings officer may use discovery procedures involving the power of subpoena of both persons and documents. ORS 305.190, ORS 305.195. Under the statute, the administrative appeal must finally determine all questions of law and fact arising in the appeal, subject only to judicial review by the Oregon Tax Court and the Oregon Supreme Court. ORS 305.115(4).

The foregoing statutes clearly articulate the plenitude and the solemnity of their legislative endowment: Petitions are welcomed not only from the contending parties, but from other persons as well; petitions must set forth not only the facts but also the law relied upon; testimony and information can be elicited by compulsory process; a hearing must be granted; a written order must finally decide all questions of law and fact posed, subject only to judicial review; and the statutory writ of the department expansively encompasses an appeal from an act or omission of a county assessor without specific limitation.

The doctrine of exhausting administrative remedies is a legislative completion of the administrative design formulated in the above statutes; in fact, the doctrine is enunciated in the very statute, namely ORS 305.275, which stipulates both the necessity of an appeal from the assessor to the Department of Revenue and its modus operandi via the petition. The legislature did not intend that this unitary design, so explicitly wrought, be unraveled by judicial inattention to any portion of it.

In fact, this court and the Oregon Supreme Court have meticulously insisted that the courts are without jurisdiction to hear an appeal until available administrative remedies are first exhausted. In *Schnitzer Steel Prod. Co. v. Dept. of Rev.,* 7 OTR 28 (1977), the plaintiff sought to appeal from defendant's *proposed* corporation excise tax deficiencies directly to this court, omitting the statutorily required prior administrative appeal to the Director or Deputy Director of the Department of Revenue. Defendant demurred to the complaint, alleging as one ground thereof that the court did not have jurisdiction of the subject matter of the suit. The defendant specifically contended that the plaintiff must exhaust its administrative remedies before the tax court had jurisdiction to hear the case. The court concluded that it had no jurisdiction to act upon the appeal since the

plaintiff had not exhausted its administrative remedies and, since the court lacked jurisdiction, the complaint was dismissed. In *Johnston et ux v. State Tax Com.*, 218 Or 110, 342 P2d 799 (1959), the plaintiff, notwithstanding his statutory obligation to appeal a disputed tax matter in the first instance to the State Tax Commission (now Department of Revenue), failed to do so and sought to appeal directly to the circuit court (now the tax court). The circuit court sustained defendant's demurrer pleaded on the ground, among others, that the court did not have jurisdiction of the subject matter of the suit. The Supreme Court sustained the ruling of the trial court with the opinion that the statutory procedure of resorting first to the State Tax Commission must necessarily be followed before resort can be made to the circuit court for relief.

Numerous precedents support these opinions. *See, e.g., Domogalla v. Department of Revenue*, 283 Or 377, 584 P2d 256 (1978); *Neeley v. Compensation Department*, 246 Or 522, 426 P2d 460 (1967); *Willamette Val. Lbr. Co. v. Tax Com.*, 226 Or 543, 359 P2d 98 (1961).

■ The determination having been made that the exhaustion of administrative remedies is a prerequisite to the jurisdiction of this court, the cognate question of whether the plaintiff must plead allegations in its complaint averring such exhaustion is simultaneously and affirmatively resolved. Both the *Schnitzer Steel Prod. Co.* and *Johnston* cases, *supra,* were decided against the plaintiffs by the court's sustaining the demurrers entered by the defendants on the basis that the complaints did not plead an exhaustion of administrative remedies. In *Johnston,* the Oregon Supreme Court stated, 218 Or at 117:

"* * * Thus, we find, * * * the plaintiffs have an adequate, speedy and complete remedy at law, all under a correlated procedure which dictates that it must necessarily be followed before resort can be made to the

circuit court for relief if they are dissatisfied with any proposed or determined additional assessment.

*"The complaint is wanting in appropriate allegations to the effect that this course had preceded the filing of that pleading in this matter."* (Emphasis supplied.)

■■■ It is the office of the demurrer to admit the facts alleged in plaintiff's complaint and the attached exhibit for the sole purpose of having the court determine from those facts whether it has jurisdiction of the subject of the suit. The facts so admitted must be construed favorably to the plaintiff. The demurrer does not admit any conclusions of fact or law. *Fields v. Crowley,* 71 Or 141, 145, 142 P 360, 361 (1914); *State ex rel v. Williams,* 45 Or 314, 330, 77 P 965, 970 (1904); *Schnitzer Steel Prod. Co., supra,* 7 OTR at 29.

■ Evaluated by the above legal criteria, the plaintiff's complaint is vulnerable to the challenge of the defendants' demurrers. Scrutiny of the complaint reveals not a word that plaintiff invoked any appellate administrative procedure against the act of the assessor in allegedly assessing exempt personal property, although an act or omission of the assessor is appealable by an aggrieved person to the Director of the Department of Revenue under ORS 305.275(1)(c). The lack is not supplied by the amended complaint which states, in an added count, that on or about August 15, 1978, plaintiff learned of what plaintiff alleged to be an order of the Department of Revenue, attached by plaintiff as Exhibit 1 to the amended complaint, from which "order" plaintiff was appealing. A perusal of Exhibit 1 shows that a letter (not an order) was written under date of January 27, 1970, by an attorney of the Department of Revenue to the then Assessor and Tax Collector of Multnomah County. The attorney, responding to the assessor's inquiry, advised him that houseboats and boathouses used entirely by the owners were not exempt from ad valorem taxation under ORS 307.190 as amended by the 1969 Oregon legislature. This letter on its face is simply a legal

opinion from the law section of the department to a public official. The only signature it bears is that of the attorney who wrote it. Exhibit 1 is not an order of the Department of Revenue from which an appeal can be taken. ORS 305.115(1) stipulates that the director or, in his discretion, the deputy director, shall make the final determination on all petitions and appeals which are to be written into orders subject to appeal to a court of law; and ORS 305.115(4) states that the director or his deputy, as the case may be, shall make and file an order on each appeal, granting or denying relief as he may deem appropriate. Further, ORS 305.560 states that a copy of such order must be attached to the party's original complaint in the tax court. Manifestly, no such written order was made and filed by the director or his deputy and no such order was attached to the complaint in this suit. Since an appeal to this court may be taken only from such an order pursuant to ORS 305.560, plaintiff's purported appeal has no legal validity.

Even if the legal opinion could be construed as a departmental order, an appeal to this court could not be premised on the putative order since the plaintiff was not a party to the matter and the ruling would not be binding on either the plaintiff or the defendant Department of Revenue herein. This conclusion is elucidated by the following quote from *Michaels v. Commission,* 2 OTR 445, 446 (1966):

> "Plaintiffs bring this suit under ORS 305.105 which provides for the tax commission to issue declaratory rulings in certain instances. [Footnote omitted.] The statute also allows a review of the tax commission's ruling in this court and in the Supreme Court. It is clear that the plaintiffs first must present their case to the tax commission before coming to this court. Plaintiffs have failed to do so and for that reason this court does not have jurisdiction under ORS 305.105.
>
> "Plaintiffs cannot rely on the ruling by the tax commission in the *Farm Bureau* case [a different case with a different plaintiff decided by the State Tax Commission] because they were not parties to the case

and such ruling would not be binding on the defendant commission or the plaintiffs herein. 'It is rudimentary that a decree or judgment * * * cannot bind one not a party to the cause, * * *.' " (Citation omitted.)

The plaintiff nevertheless offers a congeries of objections to sustaining the defendants' demurrers which will now be considered seriatim:

(1) Plaintiff, acknowledging that the tax court has the authority to determine all questions of law and fact arising under the tax laws of the state, nevertheless contends that the question presented by him in his complaint does not so arise and for that reason the tax court has no jurisdiction to decide it. To sustain his position, plaintiff cites the case of *Girt et al, supra.* In the *Girt* case, the issue presented to this court involved a challenge to the constitutionality of a payroll tax levied by a municipal corporation, namely a mass transit district, under a state enabling statute. The tax court declined jurisdiction of the case for the following reasons, 4 OTR at 100:

> "Because ORS 305.410, which grants to the Tax Court exclusive jurisdiction of issues 'arising under the tax laws of this state,' does not include jurisdiction of issues regarding the validity of taxes levied by an ordinance of a municipal corporation, and because the enabling legislation creating mass transit districts and authorizing the levying of taxes did not place jurisdiction of appeals in the Tax Court, the complaints filed by plaintiffs must be dismissed."*

The court's opinion carefully demarked the case before it from other tax cases, 4 OTR at 95:

> "In certain tax areas, including ad valorem, personal and corporate income, excise and timber taxation, the legislature has specifically provided for jurisdiction in the Tax Court. * * *"

Thus the *Girt* case does not negate tax court jurisdiction arising under the ad valorem tax laws; to

---

*Following this decision, the enactment of Or Laws 1971, ch 261, gave jurisdiction to the Oregon Tax Court to review orders of the Department of Revenue relating to local taxes.

the contrary, the *Girt* case posits such jurisdiction in unequivocal terms.

It should also be noted that the statute of Oregon, relevant to the case at bar, does not merely enable or authorize a municipal corporation to assess personal property; the statute commands that personal property shall be assessed for taxation each year at its situs as of the day and hour of assessment prescribed by law. ORS 308.105. Thus the existence of such an assessment is not subject to the vagrant decision of a municipality; it is created by the imperium of the state. Questions concerning it arise, perforce, under state laws.

(2) As a corollary argument to his position delineated in (1) above, plaintiff also argues that the statutes relating to administrative appeals apply solely to questions of value since "it is only valuation the Department has authority to review vis-a-vis an assessor or Board of Equalization. * * *" (Pl Memo, 7.)

The court does not agree with the plaintiff. In *Heenan and Domogalla v. Dept. of Rev.,* 5 OTR 78 (1972), this court considered the issue of whether the Department of Revenue and, subsequently, the tax court, had jurisdiction to grant a hearing and issue an order relating to a taxpayer's claim that its dredge, assessed by the assessor at true cash value, should have been assessed at 40 percent thereof pursuant to ORS 308.256(6)(b). The tax court, analyzing the question as one involving a partial exemption, held that both the department and the court had jurisdiction to decide it, stating at 80:

"The question which the taxpayer petitioned the Department of Revenue to answer * * * was the applicability to its property of ORS 308.256(6)(b), a statute providing partial exemption from taxation. Such a question cannot be placed before the county board of equalization under ORS 309.100, with subsequent review by the Department of Revenue pursuant to ORS 306.515, since that board is not empowered to rule on exemption

[ 549 ]

matters. [Citation omitted.] As contended by the plaintiffs, the taxpayer's proper remedy was to utilize ORS 306.520, since the act of which it complained was initiated by the assessor. That statute would have required it to petition the Department of Revenue * * *."

Although the taxpayer appealed under a different statute to the department, the court, for reasons not apposite here, allowed the appeal while noting that the Department of Revenue was at fault in not requiring the taxpayer to act under ORS 306.520.

■ The teaching of the above case is germane to the case at bar and is dispositive of the issue raised by plaintiff: First, ORS 306.520 (1975 Replacement Part), the substantial predecessor of ORS 305.275 discussed above in this opinion, stipulated that any taxpayer, aggrieved by an act or omission of a county assessor for which there is no other statutory remedy, may appeal to the Department of Revenue. ORS 305.275(1)(c), applicable to this case, is almost a verbatim repetition of and replaces ORS 306.520 (repealed by Or Laws 1977, ch 870, § 59) with certain explicit extensions not relevant here. Second, the issue in the *Heenan and Domogalla* case, *supra,* as here, is whether or not certain personal property should have been exempted by the assessor. Third, the issue affirmatively decided in *Heenan and Domogalla* is precisely the issue posed by plaintiff; that is, whether under the former ORS 306.520 (now ORS 305.275(1)(c)), the Department of Revenue and this court have jurisdiction to hear and decide an appeal arising from an alleged failure of an assessor to exempt personal property from ad valorem taxation. It is thus established that the Department of Revenue not only has but must exercise its administrative authority on exemption matters as a precursor to this court's jurisdiction.

(3) Plaintiff asserts that his complaint presents legal, not factual issues, and that such issues are reposed exclusively within the judicial branch of the

government pursuant to the separation-of-powers doctrine enunciated in Art III, § 1, of the Oregon Constitution; and for this reason plaintiff in effect contends that the Department of Revenue, consisting of administrative divisions, is without authority to consider the issues raised by him. Thus, the very fundament of the administrative power of the department is called into question by plaintiff. This court's answer follows:

Or Const, Art III, § 1, states:

"The powers of the Government shall be divided into three seperate (sic) departments, the Legislative, the Executive, including the administrative, and the Judicial; and no person charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided."

In *Mallatt v. Luihn et al,* 206 Or 678, 294 P2d 871 (1956), the Oregon Supreme Court construed this provision in the following factual context: The State Public Welfare Commission (hereinafter called the commission) was authorized by statute to issue warrants to county sheriffs to levy upon the property of certain relatives of needy persons who failed to bear their statutory duty of defraying the monetary public assistance granted these persons. The commission, as a prerequisite to the exercise of its warrant power, was required to hold a hearing at which the relatives might appear to offer objections to their financial ability to make such defrayals since financial inability under the statute would exonerate the relatives, in whole or in part, of the obligation involved. The decision of the commission was appealable by a relative to the circuit court, and from there either the relative or the commission had the right to appeal to the Supreme Court. A court appeal was a trial de novo, not on the record already made but upon evidence to be introduced at the trial. A warrant could not issue unless a relative against whom the commission's final decision was rendered failed to appeal within the statutory time strictures or unless the court, on appeal, also

decided against the relative. The relative in the *Mallatt* case contended that the warrant procedure conferred judicial power on the commission in violation of Art III, § 1, of the Oregon Constitution. The Supreme Court rejected the contention at 698-699:

"But the mere fact that some functions usually performed by courts are conferred upon an administrative body does not necessarily bring the legislation into conflict with the principle of the separation of powers. As this court said *In re Willow Creek,* 74 Or 592, 611, 144 P 505, 146 P 475:

" 'Many executive officers, even those commonly known as purely administrative officers, act judicially in the performance of their official duties, and in so doing do not exercise judicial powers as the words are commonly used and as they are used in the organic act in conferring judicial powers upon specified tribunals.'

"* * * Upon this subject Mr. Justice Douglas, speaking for the court in *Sunshine Anthracite Coal Co. v. Adkins,* 310 US 381, 84 L ed 1263, 60 S Ct 907, said: 'To hold that there was [an invalid delegation of judicial power] would be to turn back the clock on at least a half century of administrative law.' * * *"

The court further noted at 700:

"* * * [T]he state of Oregon has the right to collect its pecuniary obligations by summary [warrant] proceedings when, as here, resort to the courts may be had to review the administrative determination. It should be noted that there is no provision giving special weight to the Commission's decisions, such as making its findings conclusive if supported by evidence. The appeal, where one is taken, is to be tried as a suit in equity. This, we think, means a trial *de novo,* not on a record already made but upon evidence to be introduced at such trial."

*See also Roles Shingle Co. v. Bergerson,* 142 Or 131, 134-135, 19 P2d 94, 95-96 (1933); *Evanhoff v. State Industrial Acc. Com.,* 78 Or 503, 515-516, 154 P 106, 110 (1915); *In re Willow Creek,* 74 Or 592, 144 P 505, 146 P 475 (1915).

The *Mallatt* case, *supra,* is decisive in countering plaintiff's argument: In *Mallatt,* the court refused to dichotomize the judicial action and nonjudicial action of an administrative body, and found in such actions no constitutional transgression of Or Const, Art III, § 1; and the court additionally validated an administrative determination when it is subject, on appeal, to a trial de novo by a court. This is the identical appellate right the plaintiff would have the privilege to pursue from an adverse administrative determination under ORS 305.425, stating that all proceedings before the tax court shall be original independent proceedings and shall be tried de novo.

Plaintiff would perhaps distinguish his position by his claim that the issue he seeks to present in his complaint entails no question of fact but only of law. The court cannot make the assumption that no fact of plaintiff's complaint would be controverted if plaintiff had sought the hearing before the Department of Revenue as required by statute, and thus the offering of such a distinction is based upon a speculative hypothesis that does not call for a decision. However, though the issue were solely one of law, this court, consistent with this opinion, would not modify its decision. The argument of plaintiff is denied.

Although the court has not discussed all of the authorities cited in both the plaintiff's and defendants' memoranda, it has carefully read and considered all of them in arriving at its decision.

Since the plaintiff failed in his complaint to allege that he had appealed to the Director of the Department of Revenue,

IT IS HEREBY ORDERED that the demurrers of the defendants are sustained on the ground that the court has no jurisdiction of the subject of the action.

Since the court has no jurisdiction of the subject of the plaintiff's suit,

IT IS FURTHER ORDERED that the plaintiff's complaint should be and hereby is dismissed with prejudice.