CARLISLE B. ROBERTS, Judge.
 

 The sole question presented at this time is the court’s jurisdiction to try petitioner’s suit on the merits.
 
 *
 
 During the tax years 1971-1972 to 1975-1976, inclusive, the petitioner was the owner of the land and timber in Sec 36, T 18 S, R 4 E, WM, Marion County, Oregon. In 1959, a timber appraiser employed by the Department of Revenue’s predecessor, the State Tax Commission, acting pursuant to ORS 306.127 (1959 Replacement Part), made a cruise of the timber on the subject property and found a volume of 31,006,000 board feet. During the tax years 1970-1971 through 1974-1975, Marion County levied and collected ad valorem property taxes and "additional taxes” (ORS 321.645 (1959 Replacement Part)) from the petitioner on the assumption that the said 1959 cruise was correct. The petitioner accepted the appraisal and made no cruise of its own.
 

 
 *[223]
 
 During each of the years mentioned, petitioner was required to report the areas of Section 36 which had been logged during the preceding year and to subtract the amount harvested from the original alleged total of 31,006,000 board feet of timber. Messrs. David Burwell and Bryce Weissert, experienced foresters employed by the petitioner, both of whom testified to their close acquaintance with the property from the time harvesting began in 1970, stated that, until the summer of 1974, it appeared to them that the 1959 cruise was probably correct. In 1974, the petitioner sold a part of the tract to a third party and it was called to the attention of the petitioner by the purchaser that there was a great discrepancy in recovery from that which had been expected on the basis of board feet ascertained in the State Tax Commission cruise. Petitioner’s employees inspected the third party’s logs and found many culls from "frost split” and "wind shook.” It was too late for petitioner to appear before the county board of equalization to protest the assessed value in 1974 (ORS 309.100 (1973 Replacement Part)), but, at the request of the petitioner to the Department of Revenue, a new cruise was made in 1974. It was agreed that the cruise of 1959 was erroneous and the volume of timber on the property in that year had been not more than 18,563,000 board feet. (Petitioner’s employees appeared before the Marion County Board of Equalization in 1975 and correction was made in the roll and taxes have been paid on a corrected roll since that time.
 

 When petitioner learned of the error in the cruise and the Department of Revenue had effected a correction, the petitioner applied to the County Commissioners of Marion County for a refund of the property taxes it had paid in the tax years 1971-1972 to 1975-1976, inclusive, by filing a claim for refund under the provisions of ORS 311.806 (1) (b) or (c) or (d). This statute makes no provision for a hearing and the County Commissioners of Marion County normally do not hold hearings on such refund claims, relying upon the
 
 *[224]
 
 recommendations of the county counsel. After study, the petitioner’s claim was rejected on January 7,1976; notice was given to the petitioner thereof on January 20, 1976.
 

 In May 1976, the petitioner appealed to the Department of Revenue from the action of the county commissioners. A hearing was held by the department on September 27,1976, at which the respondents herein contended that the Department of Revenue lacked jurisdiction and, on October 6, 1976, the petitioner accepted this objection and withdrew. The department dismissed the petitioner’s appeal.
 

 After a lapse of more than two years, following the dismissal, on August 15, 1978, the petitioner sought an alternative writ of mandamus from the Oregon Tax Court. An order allowing the writ was issued by the court on September 6, 1978, resulting in the present proceeding. After several pleadings had been filed in the court and oral arguments had been heard, the court agreed with the respondents that the jurisdiction of the court to act on the merits must first be considered. ORS 11.060.
 

 The petitioner now contends that this court can take original jurisdiction to try this cause on the merits (because of the broad language of ORS 305.410) and can give the relief prayed for under the refund provisions of ORS 311.806(l)(b) or (c).
 

 Basically, we are dealing with the question of the value of real property for tax purposes. The administrative procedure which must be followed in the typical dispute between taxpayer and the tax administrator is clearly established by the statutes. First, a written appeal must be made to the county board of equalization for a specific tax year and within that year, pursuant tó ORS 309.100. If the county board of equalization finds that the property has been appraised and assessed above its true cash value, its determination will be formalized as provided in ORS
 
 *[225]
 
 309.110, the assessment roll will be corrected and no overpayment of tax will be involved. If the petition is denied, a written order will be issued pursuant to ORS 309.100 and the taxpayer will have an opportunity to appeal to the Department of Revenue as provided in ORS 305.275 (2) (1977 Replacement Part), but the appeal must be filed within 30 days after the date of mailing of the order by the board of equalization (ORS 305.280(3).) Further appeal lies to the Oregon Tax Court and to the Oregon Supreme Court. (ORS 305.440.) If, at this later date, the taxpayer, successful in its appeal, has actually paid excess taxes, a refund shall be made as provided in ORS 311.806,
 
 pursuant to the trial or appeal court’s order.
 
 The county commissioners do not exercise discretion in this situation.
 

 The petitioner never availed itself of these provisions for relief. The petitioner never filed a protest to the board of equalization. It explains this failure on the ground that it had no reason to distrust the department’s timber cruise until 1974.
 

 The court questions the petitioner’s rationale. A taxpayer has a duty to make a timely inspection of each year’s valuation. This is implicit in the statutory provisions designed for the taxpayer’s protection.
 
 Moore & Paulson v. Dept. of Rev.,
 
 4 OTR 573 (1971). The court recognizes that the appraisal of timber for tax purposes is especially difficult because of the overwhelming number of judgmental factors in timber cruising, a fact freely admitted by the petitioner’s own highly experienced timber cruisers and one which is frequently demonstrated in trials in this court.
 
 See Starker v. Dept. of Rev.,
 
 6 OTR 10 (1975). However, similar problems are found in all property appraisals. Error is human. Everyone knows that governmental officers, agents and employees are capable of error. The prudent taxpayer does not take official conclusions as to tax values on faith. In the court’s view, the petitioner is actually seeking to estop government on the ground that the petitioner was entitled to accept,
 
 *[226]
 
 without reservation and without peril, that the government’s cruise was correct, and that petitioner could rely on the work of the state’s appraiser without checks or studies of its own. However, estoppel was not pleaded, as it must be.
 
 Co-Operative Security Corp. v. Dept. of Rev.,
 
 6 OTR 419 (1976).
 

 Over a period of years, in each of which it could have raised objections, the petitioner failed to act with due care in this case.
 
 Cf Pacific Conference v. Dept. of Rev.,
 
 7 OTR 429 (1978). The petitioner’s reason for failing to exhaust its administrative remedies is not acceptable, and such failure forecloses the court’s jurisdiction.
 
 Erwin v. Dept. of Rev. et al,
 
 7 OTR 539, 544-545 (1978).
 

 As above stated, the petitioner did file a claim for a refund with the County Commissioners of Marion County on July 24, 1975, relying upon ORS 311.806, the pertinent parts of which read:
 

 "(1) The county court shall refund to a taxpayer, out of the general fund, taxes collected by an assessor or tax collector pursuant to a levy of the assessor or of any taxing district or tax levying body plus interest thereon as provided in ORS 311.812, in the following cases:
 

 * * * *
 

 "(b) Whenever taxes are collected against real or personal property not within the jurisdiction of the tax levying body; or
 

 "(c) Whenever any person, through excusable neglect, or through an error subject to correction under ORS 311.205 [relating to clerical errors only] pays taxes on property in excess of the amount legally chargeable thereon, and then only in the amount of money collected in excess of the amount actually due; * *
 

 No objection has been raised to the petitioner’s following this procedural route. However, the petitioner’s claim was rejected by the county commissioners on January 7, 1976, upon advice of counsel, and, upon appeal to the Department of Revenue, the petitioner eventually agreed that the department did not
 
 *[227]
 
 have jurisdiction to hear the claim on its merits. The reason for this decision has not been stated but it appears that ORS 203.200 is applicable. It reads:
 

 "The decisions of the county court made in the transaction of county business shall be reviewed only upon the writ of review provided by the civil procedure statutes.”
 

 See
 
 ORS 34.010 et seq. ORS 34.030 requires that the writ shall not be allowed unless the petition therefor is made within 60 days from the date of the decision or determination sought to be reviewed.
 

 In arguing that it did not omit an opportunity to use the legal remedy available to it, prior to appealing to this court, the petitioner has contended that a writ of review is required only for decisions made in "the transaction of county business” and that a refund of taxes is not included in the items listed as "county business” in ORS 203.120.
 

 Petitioner’s statutory construction appears to be a narrow one. The Oregon Supreme Court resisted a similar limiting attempt in
 
 Russell v. Crook County Court,
 
 75 Or 168, 177, 145 P 653, 146 P 806, 808-809 (1915), when it stated, in referring to county business:
 

 "* * * It is fair to presume that, when the framers of the Constitution used this term, they meant to include all business pertaining to the county as a corporate entity, and, if this be so, it is not in the power of the legislature to limit its meaning by definition. * * *”
 

 ORS 311.806 must be read together with ORS 203.200 as to those parts of ORS 311.806 where the refund claim is initially made directly to the county and does not originate in a court’s decision. The first judgment relative to a refund is ordinarily made by the county as to petitions arising under ORS 311.806 (1) (b), (c) and (d). No appeal from the county court or county commissioners to the Department of Revenue is provided in ORS 305.275 for decisions of the commissioners under ORS 311.806. An appeal would lie to the Oregon Tax Court, within the 60-day provision of ORS 34.030, under ORS 203.200. (The court’s scope of
 
 *[228]
 
 review in such a case is very limited.
 
 See Johnson v. Craddock et al,
 
 228 Or 308, 314, 365 P2d 89, 92 (1961);
 
 Rogue River Pack. v. Dept. of Rev.,
 
 6 OTR 293 (1976).)
 

 Petitioner also contends that it could not petition for a writ of review due to the lack of any record. It maintained that, although an opportunity to present its case before the county commissioners was requested, it was not granted; therefore, there was no record of the proceedings to be submitted for a review. ORS 34.030 states that a writ of review shall be allowed
 

 "* * * upon the petition of the plaintiff, describing the decision or determination with convenient certainty, and setting forth the errors alleged to have been committed therein. * * *”
 

 ORS 34.040 mandates that a writ shall be allowed where the exercise of judicial or quasi-judicial functions appears to have (1) exceeded the jurisdiction of the tribunal or agency, (2) failed to follow applicable procedure, (3) made a finding not supported by reliable, probative and substantial evidence, or (4) improperly construed the law.
 

 Considering the above statutes, it is concluded that the petitioner was not forestalled from initiating a petition for a writ since petitioner’s allegations are that the commissioners lacked jurisdiction over the assessed property due to its nonexistence or that the petitioner’s tax payments were made through excusable neglect. The contentions could have been "described with convenient certainty” as required in a writ of review.
 

 The court finds that the taxpayer did not utilize or exhaust the administrative and legal remedies available to it within the time limitations allowed and the court lacks jurisdiction to try the issue on the merits. For these reasons,
 

 IT IS ORDERED that the petitioner’s writ should be and hereby is dismissed, with prejudice.
 

 *
 

 Petitioner has queried the method under which the question of jurisdiction became an issue and has suggested that the court raised it on its own motion.
 
 See
 
 Petitioner’s Trial Memorandum, filed August 27,1979, at 5. In fact, it was raised by respondents’ motion, filed March 26,1979, for a separation of the issues of jurisdiction and of valuation, arguing for economy, inasmuch as the issue of jurisdiction might dispose of the suit. However, the question of jurisdiction is always before a trial court, even if it is not found in the initial pleadings. It is the duty of the court to take notice of any failure of jurisdiction, and on its own motion, if necessary.
 
 State v. Jairl,
 
 229 Or 533, 538-539, 368 P2d 323, 325 (1962);
 
 Girt et al v. Tri-Met et al,
 
 4 OTR 92, 95 (1970).