Argued December 7, 1961, motion to dismiss appeal denied, judgment affirmed January 31, 1962

# STATE OF OREGON *v.* GATES

368 P. 2d 605

*Albert H. Ferris,* Eugene, argued the cause and filed a brief for appellant.

*John W. Osburn,* Deputy District Attorney for Lane County, Eugene, argued the cause for respondent. On the brief was William F. Frye, District Attorney for Lane County, Eugene.

Before McAllister, Chief Justice, and Warner, Sloan, O'Connell and Brand, Justices.

BRAND, J.

This is an appeal by the defendant Gates from a judgment of 3 August 1960 whereby he was sentenced to imprisonment in the penitentiary for a period not to exceed five years. In the notice of appeal he also seeks review of all earlier intermediate proceedings.

Defendant had been charged with the crime of obtaining money and property under false pretenses. He had entered a plea of guilty. On 23 July 1959 the trial court made an order placing the defendant on probation for a period of five years. No sentence of fine or imprisonment was imposed.

On 21 September 1959, upon motion of the District Attorney, the court entered an order directing the defendant to appear and show cause why the probation should not be revoked and he be sentenced on the charge to which he had pleaded guilty. The order was pursuant to the provisions of ORS 137.550.

On 12 July 1960 the defendant appeared in person and asked the court to appoint an attorney to represent him. The court then appointed counsel for the defendant. The court informed defendant that there was a warrant for his arrest in Josephine County, and defendant admitted that he had been served. The court inquired of defendant, "Do you want to be heard further on your parole violation * * *?" Defendant replied, "There are some factors that I may need to present." The court replied, "All right, you talk to your attorney about that."

The order of 12 July 1960 recites the appointment of counsel and the revocation of probation and the postponement of sentence to a later date. ORS 137.550 provides:

> "* * * the court, after summary hearing, may revoke the probation and suspension of sentence and cause the sentence imposed to be executed or, if no sentence has been imposed, impose any sentence which originally could have been imposed. * * *"

No hearing other than as above indicated was held at that time.

On 3 August 1960 the defendant appeared in person and with his attorney. The court called attention to the order of 22 July revoking probation and asked if counsel wanted "further hearing on that." Counsel indicated that the statute required a summary hear-

ing. The court then called probation officer Furchner as a witness. He was sworn, and testified concerning defendant's violation of the order of probation. He was cross-examined by defense counsel and the defense was given opportunity to call witnesses. None was called. The evidence disclosed that defendant had "absconded", had been tried and imprisoned in Illinois and that there was another charge pending against him in Josephine County, Oregon.

The record shows that defendant had twice served time in the state penitentiary prior to the crime of obtaining money under false pretenses, on which he had entered the plea of guilty.

Upon conclusion of the hearing on 3 August 1960 the court found that defendant had violated the terms of his probation, and made an order reciting the vacation of the order of probation and sentencing defendant to the penitentiary for a term not to exceed five years. It is apparent from the record that the case was reopened at that time and that a summary hearing was held.

The defendant appeals, and presents two questions, (1) whether the order revoking probation was void for failure to provide a summary hearing, and (2) whether the judgment of sentence to the state penitentiary was void for failure to revoke defendant's probation.

On 22 November 1960 the State of Oregon, by the District Attorney of Lane County, filed a motion in this court for an order dismissing the defendant's appeal, on the ground that the appeal which was taken on 14 September 1960 "was not taken within 60 days after the order of probation and the order revoking probation as required by ORS 138.070 and that this court has not acquired jurisdiction and cannot acquire jurisdiction to entertain an appeal from either of said

orders, and upon the further ground that the order of sentence is not an appealable order by virtue of ORS 138.040 and 138.050."

The state's contention is that "the judgment on conviction in this case was that entered on July 23, 1959" by which, without pronouncing any sentence of imprisonment, the court put the defendant on probation. It is then argued that there could be no subsequent right of appeal from the judgment of imprisonment on 3 August 1960. Obviously, more than 60 days had expired between the order of 23 July 1959 and the taking of the appeal to this court which occurred on 14 September 1960.

Before reaching the merits we must consider the motion to dismiss. Our first question is from what order did the defendant appeal? His notice of appeal reads that he appeals

"in each and every part and parcel of the proceedings, trial, conviction, probation revocation, and sentence and judgment imposed upon him in the above-entitled matter and passed on the 3rd day of August, 1960, wherein said defendant was sentenced to the Oregon State Penitentiary * * *."

It is apparent from the notice that defendant's intention was to appeal from the judgment of 3 August 1960 wherein he was sentenced to the penitentiary. He apparently believed that on such appeal "any decision of the court in an intermediate order * * * may be reviewed." He assumed that ORS 138.040 was applicable to his appeal. If he had a right to appeal from the judgment of 3 August 1960, his appeal was timely when taken. It would not be timely if we should construe it as taken from the order of 23 July 1959.

In its brief on motion to dismiss appeal the prosecution asserts that "the judgment on conviction in

this case was that entered on July 23, 1959, whereby defendant was placed on probation," which judgment imposed no sentence of fine or imprisonment and merely placed defendant on probation.

Implicit in the reasoning of the prosecution is the idea that all judgments on conviction are appealable and that if there was a "judgment on conviction" when defendant was first placed on probation, an appeal would have to be taken within 60 days from that order, i.e., within 60 days of 23 July 1959. Also implicit is the idea that if the probation order of 23 July 1959 was a judgment on conviction, no appeal could be taken from the order of 3 August 1960 sentencing defendant to the penitentiary. These assumptions require examination.

There is no constitutional rule prohibiting two appeals at different stages of a single case. In specified exceptional cases two appeals are authorized. For example, a defendant charged with crime may appeal from an order refusing to dismiss an indictment, as provided in ORS 134.120, and if the indictment is held good as having been brought to trial within a reasonable period of time, and defendant then pleads not guilty, is tried and convicted, he may again appeal on account of prejudicial error at the trial.

An appeal is not a matter of right, but is only a statutory privilege which must be exercised within the time fixed by the legislature. *State v. Endsley,* 214 Or 537, 331 P2d 338. The question is not whether a particular order should be called a "judgment on conviction," but rather whether the statute, properly construed, manifests an intent that the particular order be appealable.

■ For some purposes, one who has entered a plea of guilty and has been placed on probation may properly be said to have been subjected to a "judgment on conviction." It is suggested, for example, that if this defendant, when on probation, had been called as a witness and asked on impeachment if he had ever been convicted of a crime, it would have been his duty to answer in the affirmative. But no "judgment on conviction" is appealable unless the statute says so. This defendant entered a plea of guilty. His rights of appeal are not the broad rights provided by ORS 138.040 which authorizes this court on appeal to review "any decision * * * in an intermediate order * * *." His right of appeal is granted by ORS 138.050 which provides that:

> "A defendant who has plead guilty may take an appeal from a judgment on conviction *where* it imposes an excessive fine or excessive, cruel or unusual punishment. * * * On such appeal, the appellate court shall *only consider the question whether an excessive fine or excessive, cruel or unusual punishment* not proportionate to the offense has been imposed. * * *" (Italics ours.)

We hold that ORS 138.050, properly construed, did not give to this defendant any right of appeal from the order of 23 July 1959, which order imposed no fine or imprisonment and merely put him on probation.

Under the statute his right of appeal is only from a judgment on conviction *"where* it imposes an excessive fine or excessive, cruel or unusual punishment." (Emphasis ours.) On such appeal the court may *only consider* the question of excessiveness of punishment specified in the act. Are we to hold that the legislature intended to confer the right of appeal from the order of 23 July 1959 but also provided that the appellant

in such case shall have no grounds which could be considered on appeal? We cannot attribute to the legislature the intent to hold that a mere judgment of probation after a plea of guilty is appealable when no fine or imprisonment has been imposed and when the statute limits the grounds of appeal to the question of the excessiveness or cruelty of the sentence.

ORS 137.510 provides that the court may suspend the imposition of sentence or suspend the execution of sentence, and in either case may grant probation. The language used suggests at least, that an order suspending "imposition" of sentence and granting probation was not intended by the legislature to be the equivalent of an "imposition of sentence."

The difficulty arises from the meaning and effect of the phrase "judgment on conviction." Assuming that the bare order of probation should be called a "judgment on conviction," we know of no reason why those words should always imply a right of appeal.

The legal effect of an order suspending pronouncement of sentence and granting probation has been considered at least twice by this court. In *Anderson v. Alexander,* 191 Or 409, 424, 229 P2d 633, 230 P2d 770, we said:

"The judicial power of a court which acts on notice and hearing to suspend the pronouncement of sentence and award probation or thereafter to revoke the probation and pronounce sentence is clearly distinguishable from the power of an authorized administrative body to grant or revoke a parole. When a court suspends the pronouncement of sentence, the judicial process has not been completed. It remains in a state of suspense; not so in the case of a prisoner who has been sentenced and imprisoned."

■ Again, the contention that the period of probation should be considered as a period of imprisonment, as in cases of parole, was rejected. "Probation is a release by the court before sentence has commenced." *State v. Ludwig,* 218 Or 483, 486, 344 P2d 764.

■ There is no apparent reason for rejecting our own rulings that when a court suspends the pronouncement of sentence, the judicial process "remains in a state of suspense." *Anderson v. Alexander,* supra. Being in suspense, there would normally be no final judgment and no right of appeal. Of course the legislature may grant an appeal from even a judgment "in suspense" if it so desires. When after a plea of guilty, no sentence is pronounced, the statute indicates no such desire. Even if we should adopt the reasoning of *Korematsu v. United States,* 319 US 432, 87 L ed 1497, we would still be compelled to hold that even if probation is an "authorized mode of mild and ambulatory punishment" we could not say that the order of probation is appealable by one who pleaded guilty and where imposition of sentence was suspended and probation granted. A mild and ambulatory punishment could not be called excessive, cruel or unusual and it would be preposterous to hold that such a "punishment," if such it be, could be appealable under the limitations of ORS 138.050.

We must reject the contention of the prosecution that the probation order of 23 July 1959 was appealable. The fact that the notice of appeal was not taken within 60 days of that order is therefore immaterial. It may be noted that the premature order of 12 July 1960 revoking probation also imposed no sentence. It merely provided that "sentence be imposed at a later date * * *."

Attention is again called to the fact that the de-

fendant by his notice seeks to appeal from the judgment of 3 August 1960 by which he was sentenced to the penitentiary. The only reason for our consideration of the appealability of the order of 23 July 1959 was the contention of the prosecution that it was appealable and that consequently there could be no appeal from the order of 3 August 1960.

Our construction of ORS 138.050 which denies any right of appeal to this defendant from the original order of probation does not emasculate the statute. Such construction would hold that there is no appealable order by one who has entered a plea of guilty and has been put on probation after suspension of sentence, but it leaves open all question as to the right of appeal by one whose plea of guilty is followed by the imposition of sentence of fine or imprisonment followed by probation. It may be held that he would have a right of appeal from that sentence as excessive, etc., even though he is on probation. In such a case the "judgment on conviction" might well require a holding that there was a right of appeal, limited of course, by the restrictions imposed by ORS 138.050, whereby the court could only review the excessiveness of the sentence imposed.

For the decision of this case we need go no further. Since there was no right of appeal from the probation order, there is clearly a right of appeal from the judgment on conviction, which for the first time, imposed sentence of imprisonment. ORS 138.050 clearly gives defendant a right to appeal, though only on the ground that the sentence imposed was cruel or unusual.

It has been thought proper to discuss somewhat further certain contentions of the prosecution which are said to militate against our decision.

Counsel argues that the defendant, though deprived

of the right of appeal from the judgment of imprisonment, "has an adequate remedy in habeas corpus, or under the post-conviction hearing." Surely the first question is whether there is a right of appeal. If there is a right of appeal under the statute, that settles the matter. The mushroom growth of habeas corpus and post-conviction procedures which are cluttering up the courts should not cause us to add to the clutter by narrowing the scope of statutory appeal.

Again, in support of the motion to dismiss the appeal, the prosecution argues that a decision denying the right of appeal from the original order of probation would establish a rule which would result in injustice in other and different cases. He contends that if there were no right of appeal in this case "a defendant placed upon probation following a grossly unfair trial would be denied the right to appeal unless his probation were revoked within 60 days after the order placing him on probation."

Such a question need not be, and is not, decided here, but we should point out that the argument has no relevancy in this case. Counsel thus poses the question as to the right of appeal by one who enters a plea of not guilty as contra-distinguished from the plea of guilty in the pending case. Various possibilities come at once to mind.

First, suppose that a defendant pleads not guilty, is tried by a jury, found guilty, and then the court suspends pronouncement of sentence and puts him on probation. In such a case, ORS 138.050 relating to pleas of guilty becomes immaterial. The case is controlled by ORS 138.040 providing that he may appeal from a judgment on conviction and "upon an appeal, any decision of the court in an intermediate order or proceeding may be reviewed." Such a defendant certainly

should have an immediate right of appeal. He may have been tried under an unconstitutional statute. There may have been prejudicial error at the trial. All such questions could be presented on his appeal. He should not be barred from clearing his name from a felony conviction by the act of a court in suspending pronouncement of sentence and putting him on probation. The clear intent of ORS 138.040 would be to allow him an appeal from the "judgment on conviction," otherwise, if his probation was not revoked and sentence pronounced, he might forever be deprived of any appeal. A fortiori, if a defendant should enter a plea of not guilty, be convicted by the jury, have sentence of imprisonment imposed upon him, and then suspended, he would have a right of appeal, which, in addition to any other grounds, would include a challenge to the sentence as cruel or unusual.

We next consider the possibility that a defendant pleads not guilty, is tried and convicted, and the court suspends pronouncing sentence and puts him on probation. He then appeals. If he wins the appeal, that ends the case. If his conviction is affirmed, he remains as he was before he appealed. He is still on probation. If later his probation is revoked and he is sentenced to life imprisonment for petty larceny, surely it would seem that justice would require that he have a right of appeal which is normally given to any convicted and sentenced person to claim that the punishment is excessive, cruel or unusual under constitutional provisions. Is he to be denied such an appeal merely because of the normal and traditional rule that there cannot be two final and appealable judgments of conviction in the same case? But this is not the same case at all. On his first appeal he could raise any question and assert any error which may lurk in the

proceedings at the date of his appeal. Since judgment was affirmed, all such questions are determined and become res judicata. A few years later a new question arises, one which could not have been adjudicated on his first appeal, for no sentence had been pronounced. The proper conclusion would seem to be that the sentence of life imprisonment was a "judgment on conviction" and the new issue concerning the excessiveness of punishment should be one which could be raised on appeal under ORS 138.040.

Our construction of ORS 138.050 concerning the right of appeal after a plea of guilty in no way binds the court in construing the legislative intent as to the right of appeal from a judgment on conviction under ORS 138.040, which applies when a defendant pleads not guilty and is convicted after trial. What we have said should demonstrate that if the legislature deems it unnecessary to clarify more specifically the rights of appeal under different conditions, the court will not be bound by this decision to any rule involving injustice in the cases suggested by the prosecution.

The motion for dismissal of the appeal is denied. Upon the merits the question is not difficult of decision.

■ Defendant had a bad criminal record. The sentence was neither cruel nor unusual. Assuming, without deciding, that in spite of the limitations on the scope of appeal contained in ORS 138.050 we can consider the other questions which defendant has presented, we are of the opinion that the proceedings on 3 August 1960 whereby defendant was given a summary hearing as required by statute fully complied with the requirements for revocation of probation and imposition of sentence, and defendant has no cause for complaint merely because probation was

prematurely revoked on 12 July 1960 without the required hearing.

We are cited to the case of *People v. Robinson,* 253 Mich 507, 235 NW 236, where it is held that "Imprisonment cannot be imposed until probation is revoked or terminated."

In *Ex parte Johnson,* 53 Ariz 161, 87 P2d 107, 108, referring to the statute, the court said:

"* * * It is plain from this that it was intended that an order revoking the suspension of the imposition of sentence should be made by the court when it is convinced that the person has violated the terms of his probation and should be sentenced. However, it is clear that when the court imposes sentence it intends to do what is necessary to make it legal, and, hence, revocation, if not specifically made, is necessarily implied in such an order. To fail to revoke could not prejudice a defendant's rights in the slightest and to hold that it would nullify the sentence imposed in its absence would be extremely technical. * * *"

In the pending case it is clear that the question of suspension of probation was kept open by the court and that the final order sentencing to the penitentiary necessarily amounted to an approval of the order revoking the probation.

The sentence of five years imprisonment as pronounced by the trial court is affirmed.