Argued November 2, 1961, appeal dismissed January 17, 1962

# STATE OF OREGON *v.* JAIRL

368 P. 2d 323

*James O. Garrett,* Salem, argued the cause for appellant. On the brief were Crawford and Garrett, Salem.

*Hattie Bratzel Kremen,* District Attorney for Marion County, Salem, argued the cause for respondent. With her on the brief was C. L. Marsters, Deputy District Attorney, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, O'CONNELL, GOODWIN and LUSK, Justices.

ROSSMAN, J.

This is an appeal by the defendant, Earl Lee Jairl, from a judgment entered by the circuit court which adjudged him guilty of the crime of forgery and imposed a sentence in the Oregon State Penitentiary. The judgment of conviction was based upon a plea of guilty which the defendant entered. When the defendant entered the plea of guilty he was represented by an attorney whom he had himself selected and employed. Before entering the plea the defendant had conferred with his attorney, and the presiding judge had told him:

> "Your plea may be guilty or not guilty. If you plead guilty that is the same as a conviction and the court would be authorized to impose sentence

on you. If you plead not guilty, you will be given a trial by jury. State your plea, whether guilty or not guilty."

The defendant plead guilty and thereupon the presiding judge, through a series of questions which he submitted to the defendant, received from the latter answers which stated that no promises or threats had been made to him and that the plea of guilty came from his free will.

The defendant was arrested July 21, 1960, and was thereupon confined in the county jail in Salem. On the following day an information was filed in the district court for Marion County which charged the defendant with the forgery of a bank check in violation of ORS 165.105. July 25, 1960, the defendant waived preliminary hearing and was bound over to the grand jury. At that time he was represented by Mr. Ben F. Forbes, an attorney of his own selection, who maintains an office in Portland.

The defendant remained in jail for several weeks following the proceedings mentioned in the foregoing paragraphs. Shortly before September 26, 1960, he wrote a letter to the District Attorney for Marion County in which, according to the District Attorney, he expressed a desire to waive indictment and enter a plea to an information. The trial judge, who had the letter before him, observed that the defendant did not state that he would waive indictment, but indicated he might change his plea. The letter is not a part of the record.

September 26, 1960, the District Attorney caused the defendant to be brought into court for the purpose of pleading to an information; apparently the District Attorney relied upon the letter. Counsel for the defendant was not present, and upon inquiry by

the court the defendant stated that he had been unable to notify Mr. Forbes that the hearing was pending and request his presence. The defendant also advised the court that he had not talked with his attorney except on two occasions "two months ago, when I first got in jail." The hearing was then continued for one week, in order to afford the defendant opportunity to write to his attorney. October 3, 1960, the defendant appeared with Mr. Forbes and declined to waive indictment. He acted on his attorney's advice. The defendant was returned to jail after the hearing.

■ October 6, 1960, the attorney filed a motion to dismiss the prosecution, based upon ORS 134.110, which provides:

> "When a person has been held to answer for a crime, if an indictment is not found against him within 60 days after the person is held to answer, the court shall order the prosecution to be dismissed, unless good cause to the contrary is shown."

This section does not bar another prosecution for the same offense if the crime charged is a felony, ORS 134.140. When the motion was filed, the defendant had been imprisoned more than sixty days upon the information of forgery. No effort had been made to obtain a hearing on the motion, and on November 17, 1960, the grand jury of Marion County indicted the defendant for the identical crime with which he had been charged by the information of July 22, 1960.

December 5, 1960, at a time when the defendant had been imprisoned for 139 days, he was arraigned upon the indictment. According to the District Attorney, Mr. Forbes had been advised to appear on November 28, 1960, but failed, and the matter was

continued until the later date. At the arraignment counsel for the defendant raised the question of his motion to dismiss, indicating uncertainty as to whether a disposition of it had been made. On being advised that it was still pending he urged it upon the court. The District Attorney produced the defendant's letter and opposed the motion on the ground that the letter constituted good cause for not having obtained an indictment within the sixty days fixed by statute and also upon the ground that an indictment had been returned. At this point defendant's counsel said, "I am not going to insist on a technicality if those are the facts," and later formally waived his motion. A five minute recess was granted so that the defendant could confer with his attorney, after which he was arraigned and pleaded guilty. The trial judge accepted the plea, as we have indicated, only after questioning the defendant to ascertain that his action was voluntary.

Sentencing was deferred until December 12, 1960, at the request of the defendant's attorney who wished to investigate his client's background and present extenuating circumstances for the consideration of the court. The attorney was not present at the appointed time, and the trial court proceeded to defer sentencing until December 19, 1960. No sooner had this been done than the defendant expressed a wish to be sentenced immediately without his attorney's presence. The court allowed the request. The defendant was sentenced to an indeterminate term of not more than five years in the state pentientiary, which was presently reduced to four and one-half years to allow credit for time already spent in the county jail.

This appeal charges that the trial court erred (1) in failing to dispose of the motion to dismiss the

prosecution, (2) in proceeding against the defendant without first having ascertained that good cause was shown for an indictment not returned within sixty days after he was charged; and (3) in imposing sentence upon the defendant in the absence of his attorney. The first two assignments of error both assert, in substance, that the trial court should have insisted on hearing the motion to dismiss even though it was not pressed by the defendant. The defendant claims that the "established practice" and "rules of practice applicable" were not followed and that he was for this reason denied the "fair and impartial trial" guaranteed by Article I, Sections 10 and 11 of the Oregon Constitution and Article XIV of the United States Constitution. Underlying the defendant's contentions with respect to the first two assignments of error is the assumption that his plea of guilty was coerced by the long confinement which preceded his arraignment. However, the assignments of error do not adequately bring the question of coercion before us, except as it is bound up with the trial court's alleged failure to follow statutory procedure. On the merits we would be disposed to disallow the first two assignments of error on the authority of *State v. Sutton*, 223 Or 570, 355 P2d 247, and the third assignment of error on the ground that the defendant waived his constitutional right to have assistance of counsel at sentencing.

■■ However, we do not reach the merits because we are convinced that this court is without jurisdiction to consider the kind of questions raised by the defendant on this appeal. The State has not challenged the right of the defendant to appeal from a conviction based upon a plea of guilty. However, a court must take judicial notice of its own jurisdiction, and

the scope of that jurisdiction cannot be enlarged by consent or waiver. *Powell v. State By and Through Board of Pilot Commissioners,* 224 Or 122, 355 P2d 224. We have not hesitated, after oral argument in this court, to dismiss appeals in which the question of jurisdiction was overlooked when it subsequently became apparent that we were without power to consider the issues which the appellant sought to submit: *McEwen v. McEwen,* 203 Or 460, 280 P2d 402 (1955); *State v. Brooks,* 214 Or 535, 331 P2d 343 (1958).

■■ It has long been settled that appeal in Oregon in both criminal and civil cases is not a constitutional right but a legislative grant: *State v. Endsley,* 214 Or 537, 331 P2d 338 (1958). In the absence of enabling legislation no appeal may be taken from a circuit Court judgment. ORS 138.010 provides that the only mode of reviewing a judgment or order in a criminal action is that provided by ORS 138.010 to 138.440. ORS 138.020 provides that either the state or the defendant may appeal from a judgment in a criminal action "in the cases prescribed in ORS 138.010 to 138.440, and not otherwise."

ORS 138.040 is the only statute among those specified with language broad enough to justify an appeal of the grounds submitted by the defendant. It reads:

"The defendant may appeal to the Supreme Court from a judgment on a conviction in a circuit court or from an order refusing to dismiss the indictment, as provided in ORS 134.120; and upon an appeal, any decision of the court in an intermediate order or proceeding may be reviewed."

*State v. Lewis,* 113 Or 359, 230 P 543 (1924), held that ORS 138.040 (formerly OL § 1606) permits an appeal from a conviction entered upon a plea of

guilty. Overruling a contention made by the state that such a judgment was not appealable, the court reasoned:

"But where an indictment charges a defendant with the commission of acts not made criminal by statute or fails to state facts sufficient to constitute a crime, or where the court has no jurisdiction of the offense charged, and the court proceeds as if there were no such defects, or where in pronouncing judgment, the court imposes a sentence in excess of that provided for by statute, a legal wrong results to the defendant, which, if it could not be corrected upon appeal, would leave the defendant remediless. * * *"

It was the defendant Lewis' contention, raised by a motion for a new trial, that he was not guilty of the offense charged, but had been induced to plead guilty by promises of parole.

Twenty-one years after our decision in *State v. Lewis,* the legislature added Oregon Laws 1945, chapter 62, now ORS 138.050, to the code governing appeals in criminal matters. It (ORS 138.050) reads in pertinent part as follows:

"A defendant who has plead guilty may take an appeal from a judgment on conviction where it imposes an excessive fine or excessive, cruel or unusual punishment. If the judgment of conviction is in the circuit court, the appeal shall be taken to the Supreme Court * * *. On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed. If in the judgment of the appellate court the fine imposed is excessive or the punishment imposed is excessive, unusual or cruel and not proportionate to the offense, it shall direct the court from which the appeal is

taken to impose the punishment which should be administered."

ORS 138.040, construed in *State v. Lewis,* was not disturbed by the legislature.

This court had occasion to consider ORS 138.050 in *State v. Ridder,* 185 Or 134, 202 P2d 482 (1949), and there ruled that the purpose of the statute was to enable this court to review the discretion of the circuit court in passing sentence upon a plea of guilty. While the opinion stated that excessiveness of sentence was the "only question we are authorized by the statute to determine," the appeal was based solely on ORS 138.050; ORS 138.040 was not in issue. Later, in *Huffman v. Alexander,* 197 Or 283, 326, 251 P2d 87, 253 P2d 289 (1952, 1953), we reserved decision as to the effect of ORS 138.050 on our holding in *State v. Lewis.* Finally, *Smallman v. Gladden,* 206 Or 262, 291 P2d 749 (1955), implied that an appeal would lie from a conviction based upon a plea of guilty, but the question was only incidentally before the court and was not given full consideration.

We believe that the legislature intended to prohibit appellate review of convictions based upon a plea of guilty except to the limited extent granted by ORS 138.050. The restrictive language of ORS 138.050 would have no effect if a defendant could appeal alternatively under ORS 138.040 and 138.050 or concurrently under both statutes. ORS 138.050 must be held to overrule by implication the interpretation which this court placed on ORS 138.040 in *State v. Lewis.*

We therefore construe ORS 138.050 to restrict the right of appeal of a defendant convicted upon a plea of guilty to the grounds specified in that section and

no other. Whatever may have been the state of the law at the time ORS 138.050 was enacted, a defendant now has adequate means, provided by the Post-Conviction Hearing Act, by which to assert rights guaranteed by the state and federal constitutions. He is entitled to no more.

The appeal is dismissed.