THE NAVAJO TRIBE OF INDIANS

Plaintiff-Appellee

vs.

KENNETH BAHE

Defendant-Appellant

Decided January 11, 1972

Merwin Lynch, Deputy Trial Prosecutor, Office of the Prosecutor, Window Rock, Arizona, for Plaintiff-Appellee

Marvin Tilden, Navajo Legal Aid and Defender Services, Window Rock, Arizona, for Defendant-Appellant

Before KIRK, Chief Justice, WILSON and LEUPP, Associate Justices

KIRK, Chief Justice

This is an appeal from a judgment of the Window Rock Trial Court on a plea of guilty by the defendant entered on May 20, 1971, to a charge of reckless driving while under the influence of liquor, Title 14, Navajo Tribal Code, Section 245. The judgment was that the defendant serve 60 days in jail or pay a fine of $150.00. The request for appeal was based on illegality of the sentence and on the ground that the defendant was not represented by counsel at the time of arraignment. The appeal was allowed by this Court on May 26, 1971.

First, we hold that a defendant has no right to appeal after a plea of "guilty": 4 Am.Jur.2nd 765, Appeal and Error, § 271; State v.Jairl (1961), 229 Or. 533, 368 P.2nd 323. In this case, however, it appears that the defendant was without counsel at the time of arraignment and may not have understood the effect or nature of his plea of guilty. Consequently, we have permitted him to withdraw his plea of "guilty" and enter a plea of "not guilty" and stand trial de novo in this Court. The proper procedure would be for the defendant to apply to the Trial Court to change his plea to "not guilty" which the Trial Court should allow if there is any question that the defendant did not understand the plea. An order refusing to allow the defendant to change his plea would be subject to appeal here.

On trial de novo the court heard the evidence and witnesses of both the prosecution and the defense and being advised finds the defendant guilty of the crime charged beyond a reasonable doubt.

The judgment of the Court is that the defendant shall serve 60 days in jail.

The points made in the defendant's brief that the judgment of the Trial Court was in violation of the Indian Bill of Rights (25 U.S.C. 1302(8)), and the holding of the United States Supreme Court in Tate v. Short (March 2, 1971), 39 Law Weekly 4301, can be answered as follows: Any question of the language of 14 N.T.C, 246 is not involved here because the defendant was charged in this case under 14 N.T.C 245. The rule in Tate v. Short, supra, does not apply because

because 14 N.T.C 245 does not involve punishment by fine under any circumstances.

This matter is remanded to the Trial Court with direction to enter a judgment that the defendant shall serve 60 days in jail.

WILSON, Associate Justice and LEUPP, Associate Justice, concur.