Argued and submitted November 25, 1985, reversed February 26, 1986

STATE OF OREGON,
*Respondent,*

*v.*

MARY BETH NEARING,
*Appellant.*

(8407 1540m; A36291)

714 P2d 630

Douglas W. Moore, Albany, argued the cause and filed the brief for appellant.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

Before Gillette, Presiding Judge Pro Tempore, and Van Hoomissen and Young, Judges.

GILLETTE, P. J., Pro Tempore.

## GILLETTE, P. J., Pro Tempore

Defendant, one of those whose conviction for disorderly conduct was affirmed in *State v. Heath,* 75 Or App 425, 706 P2d 598 (1985), appeals from a trial court order finding her to be in violation of a special condition of the probation imposed in that case. The trial court extended her probation and added conditions to it. We reverse.

The special condition defendant was found to have violated in the present case is one forbidding her to enter the Pyramid Creek area—the area in which her environmental activist activities led to her conviction. In *State v. Heath, supra,* 75 Or App at 428-29, we held that the record was insufficient to justify the special condition in issue, vacated the sentence and remanded the case to the trial court for further findings. At the time of defendant's violation of the condition, however, its invalidity had not yet been established. The question presented by this case is whether the invalidation of a condition of probation also invalidates actions taken on the basis of that condition, when appropriate and timely objections have been made at every stage.

We have often held that a probationer, in order to challenge a condition of probation, must do so in her original appeal. Waiting until she is charged with violating the condition is not appropriate. *See, e.g., State v. Hovater,* 37 Or App 557, 560-61, 588 P2d 56 (1978); *State v. Martinez,* 35 Or App 381, 581 P2d 955 (1978), *rev den* 285 Or 73 (1979). If, on the other hand, she does timely challenge the condition and is successful, it would make a mockery of the process we have imposed to say that, at least until the time we invalidated the condition, she was absolutely bound to obey it. The better view is that, while her appeal of its validity is pending, she disobeys it at her peril.

We conclude that no order affecting probation is sustainable if it is based on a condition of probation subsequently held to be invalid, providing the probationer has challenged the condition at every appropriate stage. *See State v. Hovater, supra.* We therefore hold that defendant's probation revocation was invalid, and it is reversed.

Reversed.