STATE OF OREGON,
*Respondent on Review,*

*v.*

STEVE LOYER,
aka Steven Shuravloff,
*Petitioner on Review.*

(TC No. 85-136; CA A38155; SC S33447)

740 P2d 177

Thomas E. Ewing, Salem, argued the cause for petitioner on review. On the petition were Chess Trethewy and Garrett, Seideman, Hemann, Robertson & DeMuniz, P.C., Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response were Dave Frohnmayer, Attorney General and Virginia L. Linder, Solicitor General, Salem.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

CARSON, J.

## CARSON, J.

This case requires us to examine (once again) the scope of an appellate court's review of a conviction entered after a defendant's plea of guilty. We address ORS 138.050,[1] predecessor versions of which we have held limit our review of convictions based on a guilty or a no contest plea to the grounds specified in the statute. *State v. Jairl,* 229 Or 533, 541-42, 368 P2d 323 (1962).[2]

Defendant pleaded guilty to assault in the third degree and attempted kidnapping in the second degree. The trial judge ordered a psychiatric examination of defendant preparatory to considering sentencing under the dangerous offender statute. ORS 161.735. A hearing was held at which time defendant presented the testimony of a clinical psychologist in his favor. The state presented the written report of the examining psychiatrist who, though subpoenaed by defendant, failed to appear. Defendant moved the court to reset the hearing and direct the witness to appear so that defendant would be able to examine the witness. The court denied the

---

[1] The parties were unsure which version of ORS 138.050 applied to this case. The current version of the statute, as amended in 1985, applies. ORS 138.050 was amended twice by the legislature in 1985. Both amendments were signed by the Governor and filed with the Secretary of State on the same day. However, the effective dates differ. The earlier amendment (Or Laws 1985, ch 342, § 20) made a change unrelated to the issue here before us and had an effective date of January 1, 1986. The subsequent amendment (Or Laws 1985, ch 348, § 2) deleted language significant to this case. It became effective on September 20, 1985, 90 days after the legislature adjourned, and applied to appeals of judgments that were entered after the effective date (Or Laws 1985, ch 348, § 3). The appeal in this case is from a judgment "filed" November 18, 1985. The respective amendments (and the respective effective dates) do not conflict in purpose and can be given effect. Or Const, Art IV, § 22.

ORS 138.050 provides, in part:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. * * * On such appeal, the appellate court shall only consider the question whether a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If in the judgment of the appellate court the punishment imposed does exceed the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment which should be administered."

[2] We reaffirmed *State v. Jairl,* 229 Or 533, 368 P2d 323 (1962), in *State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984), with caution expressed in greater depth by the concurring justices. 297 Or at 246. The principle of *stare decisis* obliged us to maintain a consistent interpretation of the statute, leaving changes to the legislature.

motion. The court then sentenced defendant as a dangerous offender, imposing a 30-year sentence with a minimum of 10 years to be served. ORS 144.110.

Defendant appealed, claiming error in the trial court's denial of his earlier request to withdraw his guilty plea and the court's failure to allow defendant to examine the absent reporting psychiatrist. The Court of Appeals affirmed without opinion. On petition to this court, defendant seeks review only of his inability to examine the psychiatrist at the sentencing hearing.

Our review is prescribed by ORS 138.050, which allows us to consider only whether "a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual." In *State v. Jairl, supra,* we considered whether we could review, among other claimed errors, an allegation that the sentence was invalid because made in the absence of defendant's attorney. We held that we could not and dismissed the appeal. In *Jairl,* we construed the earliest version of ORS 138.050 "to restrict the right of appeal of a defendant convicted upon a plea of guilty to the grounds specified in that section and no other." 229 Or at 541-42.[3] In *State v. Dixon,* 238 Or 121, 122, 393 P2d 204 (1964), we stated that "[a]fter a plea of guilty, only the excessiveness or illegality of the sentence may be considered upon an appeal." We reaffirmed, most recently in *State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984), and *State v. Elwood,* 297 Or 248, 683 P2d 1368 (1984), that we are precluded from reviewing procedural errors on direct appeal from a guilty plea. In both *Clevenger* and *Elwood,* defendants appealed denials of their motions to withdraw guilty pleas.

Defendant asserts that *State v. Biles,* 287 Or 63, 597 P2d 808 (1979), which was approved and reconciled in *State v. Clevenger, supra,* provides a window of review through which he can bring his claim of error. The error appealed in *Biles* had to do with sentencing; the trial court failed to state its reasons for the sentence imposed, a duty required by statute. ORS 137.120(2). The Court of Appeals identified another flaw, a

---

[3] The statute, construed directly for the first time in *State v. Jairl, supra,* directed that "the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed." ORS 138.050 (1945).

failure to make a presentence report, and, on both of these grounds, remanded the case for resentencing. We affirmed the Court of Appeals, while at the same time acknowledging the limitations on the scope of appellate review imposed by ORS 138.050.[4] It was significant that the trial court's error precluded any appellate review of the sentence. The lack of a presentence report and the trial court's reasons for the sentence it imposed denied us even a minimal record on appeal, rendering appellate review meaningless.

It was also significant that *Clevenger* and *Biles* interpreted a different version of ORS 138.050 than did *Jairl.*[5] The statute we interpreted in *Clevenger* and *Biles* directed us to review a sentence "in light of the nature and background of the offender or the facts and circumstances of the offense." We held this to require "some substantive review of sentences by appellate courts in Oregon," and hence authority to review the process by which the sentence was derived. *State v. Biles, supra,* 287 Or at 67.

In contrast, the current version of ORS 138.050 narrows considerably our scope of review. Even if the predecessor version of ORS 138.050, in effect from 1977 to 1985, might have allowed us to review a procedural flaw in the development of the sentencing record, if the resulting record failed to inform us adequately of the crime and the criminal, the current version does not contemplate such review.

---

[4] The statute interpreted in *State v. Biles*, 287 Or 63, 597 P2d 808 (1979), was former ORS 138.050, which provided, in part:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that is cruel, unusual or excessive in light of the nature and background of the offender or the facts and circumstances of the offense. * * * On such appeal, the appellate court shall only consider the question whether an excessive, cruel or unusual punishment has been imposed. If in the judgment of the appellate court the punishment imposed is excessive, unusual or cruel, it shall direct the court from which the appeal is taken to impose the punishment which should be administered."

[5] ORS 138.050 was amended in 1977 (Or Laws 1977, ch 372, § 14) to include the language requiring review "in light of the nature and background of the offender or the facts and circumstances of the offense." This occurred at the same time and in the same bill in which the legislature created the Advisory Commission on Prison Terms and Parole Standards. That body was charged with developing rules for adoption by the State Board of Parole "establishing ranges of duration of imprisonment and variations from the ranges." ORS 144.775 (1977). These rules became know as the "matrix." The Board of Parole was to begin its own process of sentence reevaluation, taking into account the individual circumstances of the crime and the criminal, at the same time appellate courts were to engage in substantive sentence review.

In the present case, the claim is not that a sentencing record does not exist, but rather that one procedure statutorily available to defendant to develop the record — the opportunity to "examine the psychiatrist who filed the report" — was denied him. ORS 161.735(5).[6] Defendant has an opportunity granted by statute to examine the reporting psychiatrist in a dangerous offender presentence hearing. It is conceivable that the lack of examination might have the effect of omitting some evidence advantageous to defendant. Nonetheless, defendant makes no claim that — and how — the procedural flaw prevents us from determining upon appellate review whether the sentence "exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual." Defendant does not raise a challenge to the sentence itself. Without more, his claim of procedural error is beyond our limited scope of review. Any claim of cognizable error must be left to possible post-conviction relief under ORS 138.510, *et seq.*

The decisions of the trial court and the Court of Appeals are affirmed.

---

[6] ORS 161.735(5) provides:

"Upon receipt of the psychiatric examination and presentence reports the court shall set a time for a presentence hearing, unless the district attorney and the defendant waive the hearing. At the presentence hearing the district attorney and the defendant may examine the psychiatrist who filed the report regarding the defendant."