Argued and submitted September 30, resubmitted In Banc November 2, 1988, affirmed March 8, reconsideration denied May 26, petition for review denied August 1, 1989 (308 Or 197)

# STATE OF OREGON,
*Respondent,*

*v.*

# RICHARD J. BATEMAN,
*Appellant.*

(C85-08-33209; C85-10-34220;
CA A47683 (Control); A47684)
(Cases Consolidated)

771 P2d 314

Diane L. Alessi, Deputy Public Defender, Salem, argued the cause for appellant. With her on the briefs was Gary D. Babcock, Public Defender, Salem.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the briefs were Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Brenda J Peterson, Assistant Attorney General, Thomas H. Denney, Assistant Attorney General, and Michael C. Livingston, Assistant Attorney General, Salem.

Arthur B. LaFrance, Maureen Barstow, Jonathan Logan and Michael Miluicci, Portland, filed a brief *amicus curiae* for American Civil Liberties Union.

RICHARDSON, J.

Riggs, J., concurring.

Buttler, J., specially concurring.

Newman, J., dissenting.

Warden, J., pro tempore, dissenting.

## RICHARDSON, J.

In these consolidated cases defendant appeals from what he denominates "judgments" revoking his probation. His sole contention is that certain conditions of probation are unlawful and cannot be the basis for revocation. We conclude that the issue raised is beyond the scope of our review and affirm.

Defendant was charged in two indictments with three counts of sexual abuse in the first degree. He pleaded no contest to one count in each indictment, and the third count was dismissed. He stipulated that he met the criteria of ORS 426.675(2) and, as a consequence, the court found him guilty of the two charges and declared that he is a sexually dangerous offender. ORS 426.675(3). The court orally pronounced judgment:

> "I'll sentence the defendant to the State Department of Corrections. There will be two five-year sentences, one on each charge to run consecutively. I will suspend imposition of sentence and place the defendant on five years formal supervised probation."

Although defendant pleaded no contest and the court's oral pronouncement appeared to impose terms of imprisonment and then suspend "imposition" of them, the written "Judgment and Probation Order" recites that he was convicted on his "plea of guilty" and that imposition of sentence is suspended and defendant is placed on probation for five years. The written documents set out the conditions of probation, including the requirement that he post signs on his residence and on any vehicle that he was operating reading "Dangerous Sex Offender." He appealed from the "Judgment and Probation Order," asserting that those conditions of probation violate various statutory and constitutional provisions. We dismissed that appeal as moot, because the trial court revoked defendant's probation after he filed that appeal. *State v. Bateman,* 94 Or App 449, 765 P2d 249 (1988).

Subsequent to the notice of appeal in the first appeal, defendant's probation officer alleged that defendant had violated nine of the probation conditions. At the revocation hearing, defendant stipulated that he had violated seven of the conditions, including the two requiring that he post the signs. The court found that he had violated one other condition too,

and the state did not pursue the final allegation. The court revoked defendant's probation and orally imposed five years' imprisonment on each charge to run consecutively and a two and one-half-year minimum sentence on each charge. The written document, however, provides:

"IT IS ORDERED that:

"defendant is found in violation of the conditions of probation.

"defendant's probation is revoked.

"the sentence previously imposed herein shall now be executed, to-wit: 5 years at Oregon State Corrections, commencing immediately - 2-1/2 yrs. minimum to serve consecutive with C85-10-34220.

"sex offender program recommended."

Ordinarily, written dispositions prevail over inconsistent oral pronouncements of the trial court. However, the two written documents in each case are not themselves consistent regarding whether a sentence was imposed with execution suspended or whether imposition was suspended during probation. Comparing the trial court's oral recitations at the sentencing hearing and at the probation violation hearing does not entirely clear up the confusion. For the purposes of this appeal, we adopt the parties' interpretation of the trial court's action: Imposition of sentence has been suspended and defendant has been placed on probation, which was revoked, and then sentences were imposed after revocation.

After the court revoked his probation, defendant filed notices of appeal from what he denominated the "judgment" in each case. He apparently refers to the documents signed by the trial judge for revocation of his probation; those are the documents that he includes with the notice of appeal. He does not include in his brief "[a] statement of the statutory basis of appellate jurisdiction," as required by ORAP 7.17(3). The state contends that defendant appeals from orders that are not appealable and, alternatively, if they are appealable, the issue that he raises is beyond the scope of our review.

The state first argues that the peculiarities of statutes respecting criminal appeals prevents defendant from appealing the orders revoking probation in these cases. It contends that an order revoking probation and imposing or executing a

sentence is not a judgment on conviction and is not appealable. The only judgment on conviction, it asserts, is the original order granting probation, which must have been appealed within 30 days of its entry. ORS 138.071.

In criminal matters, appellate review is derived from and is limited by statute. *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988). ORS 137.550(4) authorizes the court that granted probation to revoke it and to cause a sentence previously imposed to be executed or, if none had been imposed, to impose a sentence. There is no statute which specifically grants a right of appeal from a probation revocation. ORS 138.020 gives a defendant in a criminal case the right to appeal as specified elsewhere in ORS chapter 138.

Because defendant either pleaded guilty or no contest, the applicable statute is ORS 138.050, which provides, in relevant part:

"A defendant who has pleaded guilty or no contest may take an appeal from a judgment on conviction where it imposes a sentence that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual.* * * On such appeal, the appellate court shall only consider the question whether a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. If in the judgment of the appellate court the punishment imposed does exceed the maximum sentence allowable by law or is unconstitutionally cruel and unusual, the appellate court shall direct the court from which the appeal is taken to impose the punishment which should be administered."

If each of the untitled documents from which defendant appeals is a "judgment on conviction," it is appealable under ORS 138.050.

The state's argument that it is not a judgment on conviction depends on characterizing it as an "order revoking probation" under ORS 137.550(4), which is not specifically designated as an appealable event under any statute granting appeals to criminal defendants. The documents which reflect the court's action in these cases are not described or titled. *But see* ORS 137.560. ORS 137.550(4), which authorizes a court to revoke a probation previously granted, does not describe the judicial action as either an order or a judgment. The title of a

document, in this area of the law, is less important than the contents in terms of disposing of the particular matter at issue. A finding of guilty in a criminal case does not dispose of it. There must be some disposition made such as incarceration, probation or discharge. If the court's action memorialized in the documents smells, looks and quacks like a judgment, we should treat it as a judgment. *See State v. Carmickle,* 307 Or at 15, Jones, J., dissenting.

■ ■   In *Carmickle,* the court said that "probation is not a sentence" and that an order granting probation is appealable as a "judgment on conviction." Additionally, the court held that, when an order of probation is appealed under ORS 138.040, review is not limited by the language in ORS 138.040 about review of a sentence. However, the legislature could not have intended to foreclose appeal of the judicial action that imposes a sentence after probation is revoked. It follows that, under ORS 138.050, if a previously ordered probation is revoked, the resultant judgment imposing a sentence may be appealed as a sentence. We conclude that the disposition in these cases are judgments on conviction, and we have jurisdiction.

Although we reject the state's contention regarding appealability, we agree with its alternative submission that the claim of error is beyond our scope of review. Even if ORS 138.050 does not limit appeal to being taken to review a sentence that is alleged to be defective as specifically described, it certainly specifies the *subject matter* of an appeal filed under it. That subject matter is a sentence and whether it exceeds the maximum allowable by law or is unconstitutionally cruel and unusual. In *State v. Gates,* 230 Or 84, 368 P2d 605 (1962), *overruled on other grounds State v. Martin,* 282 Or 583, 587, n 2, 580 P2d 536 (1978), the court concluded that, under a former version of ORS 138.050, the defendant could appeal from an order revoking his probation and imposing sentence "though only on the ground that the sentence imposed was cruel or unusual." 230 Or at 93; *see also State v. Loyer,* 303 Or 612, 740 P2d 177 (1987); *State v. Clevenger,* 297 Or 234, 683 P2d 1360 (1984); *State v. Jairl,* 229 Or 533, 368 P2d 323 (1962); *State v. Zell,* 89 Or App 394, 749 P2d 1196 (1988). What the cases consistently hold is that an appeal under ORS 138.050 is limited to a challenge to the sentence, and other matters are simply not subject to review.

ORS 138.185, which relates to appeals in criminal cases, refers to ORS chapter 19, the statute regulating civil appeals:

"(2) The provisions * * * in ORS 19.140 authorizing review of intermediate orders * * * shall apply to appeals to the Court of Appeals."

The referenced statute, ORS 19.140, provides, as material:

"Upon an appeal, the appellate court may review any intermediate order involving the merits or necessarily affecting the judgment or decree appealed from * * *."

The principle incorporated by the reference to ORS 19.140 appears to allow review under ORS 138.050 of intermediate orders such as one granting probation, but the general scope of review in ORS 19.140 conflicts with the specific limitation on the questions that we can address in an appeal under ORS 138.050. We resolve that conflict by applying the particular provision. ORS 174.020.

It is argued that, if a condition of probation is unlawful, then revocation of probation for violation of that condition is invalid. If the revocation of probation is invalid, any sentence exceeds the maximum allowable by law. Although that argument is an attractive truism, it is not an appropriate construction of ORS 138.050. A sentence which is unlawfully arrived at for any reason exceeds not only the maximum, but also the minimum allowable by law.

■    When we interpret a statute, we should first look to the words used by the legislature. The critical phrase is "exceeds the maximum sentence allowable by law." The obvious meaning is that the period of incarceration imposed is more than the period specified in the relevant statute. Had the legislature intended to accord reviewability in the way that defendant wants, it would have been more straightforward in its expression. By contrast, ORS 138.040 specifies that, on an appeal taken pursuant to it, the court may review an intermediate order or proceedings as well as whether the sentence exceeds the maximum allowable by law. The additional specificity of ORS 138.040 would be unnecessary if the legislature intended the scope of review attributed to it by defendant's appeal and his claim of error.

■    The scope of review is in some measure related to the

relief that an appellate court may give. ORS 138.050 permits very limited relief:

"If in the judgment of the appellate court the punishment imposed does exceed the maximum sentence allowable by law * * *, the appellate court shall direct the court from which the appeal is taken to impose the punishment which should be administered."

Defendant does not challenge the length of the incarceration, does not contend that it exceeds the term specified for the crimes and does not contend that it is unconstitutionally cruel and unusual. The relief he asks for is that we reverse the order revoking his probation. We have no authority under ORS 138.050 to order anything other than a punishment that should be administered. In the light of that limited authority, it seems clear that the scope of our review is limited to the legality of *the sentence* as to its length when compared to the maximum length allowed by statute and as to whether it is cruel and unusual. Neither the specific scope of review nor the available relief allows us to determine if the conditions of probation were validly imposed.

*State v. Clevenger, supra,* is consistent with our analysis of reviewability. In that case, the defendant entered a plea of no contest to a charge of assault in the second degree. The charge and the plea were based on the conclusion that the victim had suffered *serious* physical injury, which was an element of the charge. Before the defendant was sentenced, the victim was reexamined and it was disclosed that he had suffered no permanent injury. The defendant moved to withdraw his plea and proceed to trial. The motion was denied. On review by the Supreme Court, the defendant argued that there was no factual basis for the plea, as required by ORS 135.365. The court held that under ORS 138.050 that contention was not reviewable. The Supreme Court did not analyze reviewability on the basis that a sentence, based on a factually defective plea, exceeded the maximum allowable by law.

In *Clevenger,* the court reaffirmed its interpretation of ORS 138.050 in *State v. Jairl, supra,* where it said:

"We therefore construe ORS 138.050 to restrict the right of appeal of a defendant convicted upon a plea of guilty to the grounds specified in that section and no other." 229 Or at 541-42.

In *Jairl,* the defendant appealed after a plea of guilty and contended that his motion to dismiss a faulty indictment should have been decided and that the court erred in sentencing him when his attorney was not present. The court held that it did not have "jurisdiction" to address the merits of those issues. As in this case, the defendant in *Jairl* challenged the length of his sentence, because he contended that it was based on an invalid indictment. Again, the Supreme Court obviously did not follow that line of analysis. *See also State v. Elwood,* 297 Or 248, 683 P2d 1368 (1984).

The Supreme Court again addressed the scope of review permitted by ORS 138.050 in *State v. Loyer, supra.* The defendant had pleaded guilty to assault and kidnapping. The trial court ordered a psychiatric examination preparatory to considering a sentence under the dangerous offender statute. ORS 161.735. The examining psychiatrist submitted a report, but did not testify. The defendant asked the court to reset the hearing and to order the psychiatrist to appear for cross-examination. The court denied the request and sentenced the defendant as a dangerous offender. The court noted that, under ORS 161.735(5), the defendant had a right to examine the psychiatrist, but, the court said:

> "It is conceivable that the lack of examination might have the effect of omitting some evidence advantageous to defendant. Nonetheless, defendant makes no claim that—and how—the procedural flaw prevents us from determining upon appellate review whether the sentence 'exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual.' Defendant does not raise a challenge to the *sentence* itself. Without more, his claim of procedural error is beyond our limited scope of review." 303 Or at 617. (Emphasis supplied.)

As *Clevenger, Jairl* and *Loyer* hold, the only subject of our review under ORS 138.050 is the sentence and whether it is longer than specified for the crime or is unconstitutionally cruel and unusual. Defendant does not raise an issue within the scope of our review. Joseph, C. J., and Warren, Rossman, Deits, and Riggs, JJ., join in this majority opinion.

Affirmed.

**RIGGS, J.,** concurring.

I agree with Judge Richardson and the majority that the conditions of probation are beyond the scope of our review

for the reasons discussed in the majority opinion. I write separately to address the constitutional issues raised by Judge Warden's dissent.

I cannot agree that the condition of probation imposed in this case amounted to "cruel and unusual punishment" under either the state or federal constitutions. Nowhere in the record in this case is there any indication that the trial judge designed defendant's probation to subject him to disgrace. The condition was one of several designed to accomplish appropriate goals. The trial judge viewed the disputed condition of probation as one intended to warn the public: "The community has a right to know that Mr. Bateman is a dangerous sex offender." I agree.

I would hold on the merits that this type of punishment is cruel and unusual when its purpose and probable primary result is public humiliation. All criminal punishments do and should carry with them some degree of public condemnation and humiliation, but when the purpose of the punishment imposed is to rehabilitate the offender or to protect the public, our society agrees to tolerate those incidental effects. The condition of probation imposed in this case was only one of several conditions of probation and was primarily designed to provide protection to the public in the light of the fact that defendant's previous jail sentence for a similar offense has failed. That the condition was innovative, or that it might be accompanied by some degree of public notoriety, or even humiliation, should not be determinative in this case, any more than it would be in a case involving a traditional prison sentence. Judge Warden is wrong in characterizing the requirement for posting the signs as cruel and unusual punishment.

**BUTTLER, J.,** specially concurring.

The record is clear that the trial judge, when she was considering the disposition of defendant's case, would not have placed him on probation without imposing the conditions that he post signs on his residence and on any vehicle that he was operating stating that he is a "Dangerous Sex Offender." If we were to reverse either the original judgment or the order revoking probation on defendant's appeal, *State v. Turner,* 247 Or 301, 429 P2d 565 (1967), would require that the

trial court, on remand, treat defendant no more harshly for having succeeded on his appeal than it treated him in the judgment from which he appealed. That would mean that the trial judge would be required to continue defendant on probation, which she would not have allowed initially without the two objectionable conditions. That result does not seem appropriate.

Given the Supreme Court's holding in *State v. Carmickle,* 307 Or 1, 762 P2d 290 (1988), that a convicted defendant has the absolute right to reject probation for any reason, it would follow that a defendant who does not reject probation, but accepts it with whatever conditions the court has imposed, has waived any objection to the conditions. The result of *Carmickle* is that a defendant's sole remedy is to reject probation.

The court in *Carmickle* stated that the legislature must have intended to permit a convicted defendant to reject probation, because it has authorized the trial court to impose special conditions of probation, some of which may require a defendant to give some of his constitutional rights. If that is what the legislature intended, that result would be consistent with the majority's conclusion that an order revoking probation, for whatever reason, is not within the scope of our review under ORS 138.050. There would be no need to review the validity of the conditions, because the defendant may reject them.

Accordingly, I agree that we must affirm.

**NEWMAN, J.,** dissenting.

I agree with the majority, as does Judge Warden in his dissent, that defendant may appeal from the documents by which the trial court revoked his probation and either sentenced him to prison or required him to begin serving the sentence that it had previously imposed. The majority is also correct that ORS 138.050 limits the scope of our review on direct appeal so that, if the statute alone is considered, we may not consider the validity of the probation revocation. I agree, however, with Judge Warden's dissent that, if the majority is right (as I believe it is) as a matter of statutory construction, ORS 138.040 grants a defendant who is convicted after a plea of not guilty a significant privilege that ORS 138.050 denies to

a defendant who pleads guilty or no contest: the right to appellate review of the validity of a revocation of the defendant's probation. For the reasons that Judge Graber stated in her dissent in *State v. Crocker,* 95 Or App 260, *opinion withdrawn,* 95 Or App 581 (1989), a dissent in which I joined, denial of that privilege to this defendant violates his rights under Article I, section 20, of the Oregon Constitution. To remedy the unconstitutionality, we should extend to him the same privilege that ORS 138.040 grants a defendant who is convicted after a plea of not guilty. Finally, I also concur in the last paragraph of Judge Warden's dissent.

**WARDEN, J. pro tempore,** dissenting.

I agree with the majority that defendant may appeal from the documents by which the trial court revoked his probation and either sentenced him to prison or required him to begin serving the sentence that the court had previously imposed. I disagree, however, with the majority's conclusion that ORS 138.050 so limits the scope of our review on direct appeal that we may not consider the validity of the probation revocation. That conclusion is inconsistent with our previous practice and incorrectly construes the statute. If the majority is right as a matter of statutory construction, ORS 138.040 unconstitutionally grants a privilege to defendants who plead not guilty that ORS 138.050 denies to those who plead guilty or no contest, and the distinction violates Article I, section 20, of the Oregon Constitution. We must, therefore, consider the merits of the probation revocation at this time. Because on those merits I would hold that the revocation may have been improper and would remand for further proceedings, I dissent.

ORS 138.050 provides that, on an appeal from a conviction based on a plea of guilty or no contest, we may consider only "whether a sentence has been imposed that exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual." The majority treats that provision as limiting our review to whether the imprisonment imposed is longer than the maximum that the statute permits. That is too narrow a reading of the statute. For one thing, a sentence may include sanctions other than imprisonment, such as a fine, restitution pursuant to ORS 137.106, an assessment under ORS 137.015 and an order that the defendant repay the costs of prosecution. ORS 161.665. A judgment that imposed an

assessment that was greater than authorized or that included in its award of costs an item that was not a legitimate expense of prosecution would certainly exceed the maximum sentence allowed by law. *See, e.g., State v. Haynes,* 53 Or App 850, 633 P2d 38, *rev den* 292 Or 108 (1981).

The fundamental problem with the majority's approach, however, is that it fails to consider the criminal appeal statutes together, as the Supreme Court has held that we should do. *See State v. Martin,* 282 Or 583, 587, 580 P2d 536 (1978). Both ORS 138.050, which, because defendant pled guilty, is the source of his right to appeal, and ORS 138.040, which provides for appeals by defendants who are convicted after pleading not guilty, are part of a single criminal appellate scheme. We must, therefore, read the limitations that ORS 138.050 places on the scope of our review in the light of our review of cases of defendants whose right to appeal comes from ORS 138.040.

ORS 138.040 provides, in pertinent part:

"Upon an appeal [by a defendant other than one who pled guilty or no contest] * * * any decision of the court in an intermediate order or proceeding may be reviewed, and any sentence of the court may be reviewed as to whether it exceeds the maximum sentence allowable by law or is unconstitutionally cruel and unusual. A judgment suspending imposition or execution of sentence or placing a defendant on probation shall be deemed a judgment on a conviction * * *."

ORS 138.040 specifically permits an appeal from an order imposing probation. Although there is no similar provision in ORS 138.050, the Supreme Court in *State v. Martin, supra,* found no clear legislative intent to restrict such an appeal to those defendants whose right to appeal arose under ORS 138.040. It therefore held that any defendant could appeal from an order imposing probation, no matter which statute was the foundation for the right to appeal.[1] It necessarily

---

[1] In *State v. Crocker,* 95 Or App 260, *opinion withdrawn* 95 Or App 581 (1989), we held that the specific holding of *State v. Martin, supra,* is no longer correct because of a change in the statute. 95 Or App at 263 n 4. Regardless of whether that conclusion is correct, the change does not affect the basic principle of *Martin,* which is that ORS 138.040 and ORS 138.050 are so interrelated that the court should presume that the legislature intended that the relevant provisions of ORS 138.040 be read into ORS 138.050.

follows that we should take a similar approach to other portions of ORS 138.040 that could appropriately also apply to ORS 138.050.

ORS 138.040 provides that, on an appeal from a conviction, the appellate court may review any intermediate order or proceeding. Such orders would include rulings on motions to suppress, evidentiary rulings during trial and all other actions whose ultimate result is a determination of the guilt or innocence of the defendant. Because a guilty plea is a conclusive admission of every element of the charged offense, *Huffman v. Alexander,* 197 Or 283, 325, 251 P2d 87, 253 P2d 289 (1953), and because a plea of no contest leads directly to a judgment of conviction, ORS 135.345, intermediate orders of that sort are irrelevant to the appeal of a defendant who pleads guilty or no contest, and they would not be within the scope of our review.

On the other hand, an order revoking probation is also an intermediate order. It is a necessary predicate to a sentence (or to an order requiring the execution of a previously imposed sentence) for a defendant who was originally placed on probation. It is not, however, related to a determination of guilt or innocence; indeed, the method by which the state achieved a conviction has nothing to do with whether the court should revoke the defendant's probation. There is no clear legislative intent to foreclose a defendant whose right to appeal comes from ORS 138.050 from challenging a revocation of probation on appeal when a defendant whose right to appeal comes from ORS 138.040 can do so. The Supreme Court has directly reviewed probation revocations of defendants who pled guilty. *See, e.g., State v. Ludwig,* 218 Or 483, 344 P2d 764 (1959). ORS 138.050 has not undergone any significant change in the intervening years.[2] We also have often reviewed revocations of probation imposed after pleas of

---

[2] At the time of *State v. Ludwig, supra,* ORS 138.050 provided, in pertinent part:

"On such appeal, the appellate court shall only consider the question whether an excessive fine or excessive, cruel or unusual punishment not proportionate to the offense has been imposed."

The Supreme Court nevertheless reviewed the merits of the probation revocation. Aside from the proportionality language, the current version of the statute is essentially identical to that in effect in 1959. Proportionality has nothing to do with whether we may review the validity of a probation revocation. If the Supreme Court was correct in *Ludwig,* the majority of this court is wrong in this case.

guilty or no contest. *See, e.g., State v. Nearing,* 78 Or App 72, 714 P2d 630 (1986); *State v. Hovater,* 37 Or App 557, 588 P2d 56 (1978). I would therefore hold that our scope of review under ORS 138.050 includes the validity of a revocation of probation.

If I am not correct about our statutory scope of review, then ORS 138.040 grants a defendant who is convicted after a plea of not guilty a significant privilege that ORS 138.050 denies to a defendant who pleads guilty or no contest: the right to appellate review of the validity of a revocation of probation. The two groups are true classes for Oregon equal privileges analysis. I can conceive of no rational basis for the distinction between them. For the reasons that Judge Graber states in her dissent in *State v. Crocker, supra,* n 1, I would hold that the denial of that privilege to this defendant violates his rights under Article I, section 20, of the Oregon Constitution, and I would remedy the unconstitutionality by extending to him the same privilege that ORS 138.040 grants to defendants who are convicted after pleas of not guilty.

Because of my conclusions concerning our scope of review on this appeal, I must consider the validity of the court's revocation of defendant's probation. I do not think it necessary, however, to state my reasons at length. In brief, the trial court imposed a condition of probation that required defendant to post signs on the door of his home and on any automobile that he drove that read "Dangerous Sex Offender—No Children Allowed." Defendant challenged that condition in a direct appeal from the order of probation. He did not comply with that condition of probation pending the appeal, and the trial court revoked his probation on that and other grounds. We thereafter dismissed the direct appeal as moot. *State v. Bateman,* 94 Or App 449, 765 P2d 249 (1988). He again challenges the constitutionality of that condition on this appeal. *See State v. Nearing, supra.*

I would hold that requiring defendant to post the portion of the sign that reads "Dangerous Sex Offender" constitutes cruel and unusual punishment under Article I, section 16, of the Oregon Constitution. I would therefore vacate the revocation of probation and remand the case for the trial court to determine if it would revoke defendant's probation for any violations that he committed that were not related to the

unconstitutional condition. Because the majority would hold that we may not even consider the merits of the case, I dissent.

Graber, J., joins in this dissenting opinion.